CITY OF WILLOWICK, APPELLEE, *v.* LANGFORD, APPELLANT.

(No. 10-004—Decided April 2, 1984.)

*Mr. T. Michael Billson,* city prosecutor, for appellee.

*Ms. Joan K. Pellegrin,* for appellant.

COOK, P.J. On February 11, 1983, appellant, Vicki Corley Langford, filed a motion in the Willoughby Municipal Court to expunge the record of her conviction in said court in March 1981 for misuse of a credit card. The prosecutor for the city of Willowick filed a reply to the motion in which he stated he had no objection to appellant's motion.

A hearing was held on the motion during which it was disclosed that appellant, at the time of her sentencing, had been fined five hundred dollars and given six months in jail with two hundred fifty dollars of the fine and all but twelve days of the jail time suspended. She was also placed on probation for six months. It was further disclosed she had paid the fine and successfully completed her six months of probation, but she had not served the twelve days in jail. Apparently, an acting judge had granted a stay as to the twelve days in jail pending completion of her probation because she was pregnant at the time of sentencing.

The trial court stated she was not eligible for expungement until she had served the twelve days. The court denied appellant's motion for expungement.

Appellant has appealed the judgment of the trial court and has filed the following three assignments of error:

"1. The Trial Court erred to the prejudice of petitioner-appellant in denying her Motion to Expunge Records where the facts showed total compli-

ance with Ohio Revised Code Section 2953.32.

"2. The Trial Court erred to the prejudice of petitioner-appellant in denying the Motion to Expunge Records filed by petitioner-appellant where the Municipality, represented by the prosecutor and probation officer, informed the Court that the terms of probation had been complied with and that there was no objection to the granting of said Motion.

"3. The Trial Court erred to the prejudice of petitioner-appellant by abusing its discretion in finding that grounds did not exist for the granting of said Motion."

The assigned errors are without merit.

R.C. 2953.32, in pertinent part, provides:

"(A) A first offender may apply to the sentencing court if convicted in the state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor.

"* * *

"(C) If the court finds that the applicant is a first offender, that there is no criminal proceeding against him, that his rehabilitation has been attained to the satisfaction of the court, and that the sealing of the record of his conviction is consistent with the public interest, the court shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted.* * *"

We conclude a person is not finally discharged within the meaning of R.C. 2953.32(A) for purposes of filing a motion for the sealing of the record of his conviction of a misdemeanor charge until he has served any sentence previously imposed or otherwise been finally discharged by the court.

In the instant cause, appellant had not yet received her final discharge since there still remained twelve days of her original sentence to be served.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.