The STATE of Ohio, Appellant,

v.

WAINWRIGHT, Appellee.

[Cite as *State v. Wainwright* (1991), 75 Ohio App.3d 793.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61223.

Decided Aug. 26, 1991.

*Stephanie Tubbs–Jones,* Prosecuting Attorney, for appellant.

*William T. Doyle,* for appellee.

---

*Per Curiam.*

The appellant, state of Ohio, timely appeals the decision of the trial court that granted the appellee Ronald Wainwright's application to seal the records of his conviction for grand theft, *State v. Wainwright,* case No. Cr–164088. The appellant assigns one error for this court to review.

The appellant challenges the trial court's granting of the application to seal the records because the three-year eligibility requirement was not complied with at the time the appellee filed his application.

In compliance with App.R. 11.1, it is the opinion of this court that the appellee had not completed his sentence at the time of the filing of the application and was not finally discharged until December 19, 1990; therefore, he was not eligible to seek an application to seal his record. The judgment of the trial court is reversed.

The essential facts of this case are not in dispute. On August 9, 1990, the appellee filed an application to seal the records of his conviction. The appellant opposed the application on the grounds that the appellee had not completed his sentence. The appellee in 1982 pled guilty to grand theft, and it is from that conviction he filed his application to seal the records. He was sentenced to five years' probation and ordered to pay restitution to National City Bank. On April 8, 1987 his probation ended; however, he still owed a balance on the restitution.

The trial court on November 12, 1990 denied the application on the grounds that the appellee had not completed his sentence. On December 20, 1990, the court held a hearing where the appellee requested that the sealing of the records be granted because he paid National City Bank the final balance of the restitution. He offered a receipt dated December 19, 1990 as proof of payment. The court requested verification of the receipt and indicated an intent to re-entertain the application to seal the records and promised to grant the application. On January 3, 1991 the court granted the application to seal the records, and the appellant appealed assigning the following error:

"The trial court erred in allowing a record of conviction to be sealed when the terms of the sentence and probation were not completed."

The appellant's assignment of error is well taken. It is axiomatic that restitution is a penalty, pursuant to R.C. 2929.11, and may be imposed as a part of the criminal sentence. Since the appellee failed to pay the restitution until December 19, 1990, he was, therefore, not eligible to file for the sealing of his record of conviction until three years from that date. *State v. Summers* (July 15, 1991), Cuyahoga App. No. 59927, unreported; *Willowick v. Langford* (1984), 15 Ohio App.3d 33, 15 OBR 55, 472 N.E.2d 387; *State v. Braun* (July 7, 1983), Cuyahoga App. No. 46082, unreported, 1983 WL 5542.

The appellee argues, however, that his probation ended on April 8, 1987 and that that date controls the eligibility time to seal his conviction record. We disagree. Probation is a sentencing condition, similar to a fine or restitution. An applicant is not entitled to seal his conviction records until all of the sentencing conditions imposed by the court are fulfilled. *State v. Braun, supra.* In the case *sub judice* the sentencing conditions were both probation and restitution; the restitution condition had not been fulfilled.

Judgment reversed and remanded for further proceedings consistent herewith.

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., FRANCIS E. SWEENEY and BLACKMON, JJ., concur.