This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the court of common pleas, oral arguments and the briefs. In 1988, defendant Barbara Pettis pleaded guilty to theft and trafficking in food stamps. The court suspended a one-year prison term and ordered defendant to serve three years probation. The court also ordered defendant to pay $20,396 in restitution. In 1998, after completing her probation, defendant filed a motion pursuant to R.C. 2953.32 asking the court to seal the record of her conviction. The state objected and, citing to our decision in State v. Wainwright (1991), 75 Ohio App.3d 793, argued that defendant failed to pay complete restitution as required by her sentence because she had a $15,108 balance on the restitution owed. Defendant told the court she paid $250 a month for three years (the term of her probation) and believed the restitution applied only to her probationary period — that once she completed the three years probation she did not believe she owed any more money. The court, noting defendant signed a cognovit note at the time of her sentencing, determined that defendant made complete restitution and granted the motion to seal the record. This appeal followed.
An offender may have a record of conviction sealed three years "after the offender's final discharge if convicted of a felony." See R.C. 2953.32 (A) (1). An offender is not finally discharged until she has served any sentence previously imposed by the court. See Willowick v. Langford (1984), 15 Ohio App.3d 33,34. The sentence imposed by the court includes the terms of probation. R.C. 2951.02(C) provides in part:
 In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender, including * * * requiring an offender to make restitution * * * for all or part of the value of the property that is subject to any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that he committed. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension.
(emphasis added).
Since defendant had not fully paid restitution as ordered by the terms of her probation, the court could not seal the record of her conviction pursuant to R.C. 2953.32 because she had not been "finally discharged" as required by the statute.
In Wainwright, supra, we addressed an identical fact situation. The trial court sentenced Wainwright to probation and ordered him to pay restitution. When Wainwright applied to have the record of his conviction sealed less than three years after completing full restitution, the trial court granted Wainwright's motion to seal the record of his conviction. We reversed, finding that Wainwright had not been finally discharged until he paid full restitution and that the trial court erred by granting the motion to seal the record of Wainwright's conviction less than three years after making full restitution. Id. at 795.
The added wrinkle in this case is that defendant signed a cognovit note for the amount of restitution at the time she was sentenced. The record suggests this is the practice in the Welfare Department, and the court, having otherwise noted our decision in Wainwright, apparently thought the cognovit note a sufficient promise of payment to find that full restitution had been made at the time of sentencing.
The flaw with the court's position is that a promissory note cannot be considered "payment in full" sufficient to constitute a final discharge under R.C. 2953.32. A promissory note is nothing more than the promise to pay in the future — by definition, the holder of a promissory note is not paid until the holder actually receives payment pursuant to the terms of the note. Until the holder of a note actually has payment in hand, the debt cannot be considered to be discharged.
The court's error in construing the cognovit note as full payment of restitution is demonstrated by defendant's own admissions. Defendant did not initially remember signing a note, so the court continued the hearing and asked a representative from the probation department to determine whether defendant did sign a note. When the hearing reconvened, the representative from the probation department told the court:
 "I did call the Welfare Department and they indicated that [defendant] had signed a cognovit note because that was the procedure at the time and I believe it still is to this day and they also indicated that her starting restitution amount was $20,000 and she has a remaining balance of approximately $15,000 to this date."
The probation department representative's statement should have been a red flag to the court because defendant candidly told the court that she considered restitution complete upon expiration of her probation. Defendant's statement was clearly in error because at no point had the court formally vacated the restitution order. By defendant's own reckoning, nearly ten years had passed since her conviction and she had not paid any amount of restitution for more than seven years.
Restitution can be an integral part of an offender's sentence, not only as punishment, but for rehabilitation as well. In Kelly v. Robinson (1986), 479 U.S. 36, the United States Supreme Court stated:
 "The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment 'for the benefit of' the victim, the context in which it is imposed undermines that conclusion. * * * 'Unlike an obligation which arises out of contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.' " Citing In re Pellegrino (1984), 42 B.R. 129, 133.
Under the circumstances, it appears that defendant's "promise" to pay restitution as part of her sentence was an empty one because by her own admission, she had no intention of making any further payments. Until such time as the restitution order is paid in full, defendant cannot be considered to have completed the terms of her sentence, and hence cannot be considered "finally discharged" for purposes of having the record of her conviction sealed.[1] The assigned error is sustained.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _______________________________ TERRENCE O'DONNELL, JUDGE
 _______________________________ JOHN T. PATTON, Judge
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] We note that restitution orders imposed by state criminal courts as part of a criminal sentence are preserved from discharge in bankruptcy pursuant to Section 523 (a) (7) of Chapter 7 of the United States Bankruptcy Code. Kelly v.Robinson, 479 U.S. at 362-363; Pennsylvania Dept. of PublicWelfare v. Davenport (1990), 495 U.S. 552.