The STATE of Ohio, Appellant,

v.

PETTIS, Appellee.

[Cite as *State v. Pettis* (1999), 133 Ohio App.3d 618.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74989.

Decided May 17, 1999.

L. *Christopher Frey,* Cuyahoga County Assistant Prosecuting Attorney, for appellant.

*Carlos Warner,* Cuyahoga County Assistant Public Defender; *Barbara Pettis, pro se.*

*Per Curiam.*

This matter is before the court upon reconsideration of this panel's previous opinion, released February 18, 1999, and vacated February 25, 1999.

In 1988, defendant Barbara Pettis pleaded guilty to theft and trafficking in food stamps. The court suspended a one-year prison term and ordered defendant to serve three years of probation. The court also ordered defendant to pay $20,396 in restitution. In 1998, after completing her probation, defendant filed a motion pursuant to R.C. 2953.32, asking the court to seal the record of her conviction.

The state objected and, citing our decision in *State v. Wainwright* (1991), 75 Ohio App.3d 793, 600 N.E.2d 831, argued that defendant failed to pay complete restitution as required by her sentence because she had a $15,108 balance on the restitution owed. Defendant told the court she had paid $250 a month for three years (the term of her probation) and believed the restitution applied only to her probationary period—that once she completed the three years' probation she did not owe any more money. The court, noting defendant had signed a cognovit note at the time of her sentencing, determined that defendant made complete restitution and granted the motion to seal the record. This appeal followed.

An offender may have a record of conviction sealed three years "after the offender's final discharge if convicted of a felony." See R.C. 2953.32(A)(1). An offender is not finally discharged until she has served any sentence previously imposed by the court. See *Willowick v. Langford* (1984), 15 Ohio App.3d 33, 34, 15 OBR 55, 56, 472 N.E.2d 387, 388. The sentence imposed by the court includes the terms of probation. R.C. 2951.02(C) provided:

"In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender, including * * * requiring the offender to make restitution * * * for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed.

*Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension."* (Emphasis added.) See 140 Ohio Laws, Part I, 583, 604.

■ Because defendant had not fully paid restitution as ordered by the terms of her probation, the court could not seal the record of her conviction pursuant to R.C. 2953.32 because she had not been "finally discharged" as required by the statute.

In *Wainwright, supra,* we addressed an identical fact situation. The trial court sentenced Wainwright to probation and ordered him to pay restitution. When Wainwright applied to have the record of his conviction sealed less than three years after completing full restitution, the trial court granted Wainwright's motion to seal the record of his conviction. We reversed, finding that Wainwright had not been finally discharged until he paid full restitution and that the trial court erred by granting the motion to seal the record of Wainwright's conviction less than three years after making full restitution. *Id.,* 75 Ohio App.3d at 795, 600 N.E.2d at 831–832.

The added wrinkle in this case is that defendant signed a cognovit note for the amount of restitution at the time she was sentenced. The record suggests this is the practice in the welfare department and the court, having otherwise noted our decision in *Wainwright,* apparently thought the cognovit note a sufficient promise of payment to find that full restitution had been made at the time of sentencing.

The flaw with the court's position is that a promissory note cannot be considered "payment in full" sufficient to constitute a final discharge under R.C. 2953.32. A promissory note is nothing more than the promise to pay in the future—by definition, the holder of a promissory note is not paid until the holder actually receives payment pursuant to the terms of the note. Until the holder of a note actually has payment in hand, the debt cannot be considered to be discharged.

Defendant claims that the state is using its opposition to the motion to seal the record of conviction as a means of enforcing the cognovit note, and that this means of enforcement is arguably illegal in itself because debt collectors are barred from using criminal proceedings to compel payment of civil debts. We believe defendant has the argument backwards—the state is not trying to collect the civil debt, but merely trying to prevent a record of conviction from being improperly sealed. Indeed, insofar as the record in this case shows, the outstanding debt appears to have been largely forgotten until defendant sought to have her record of conviction sealed. The record suggest that the state made no effort to collect the remaining amount due on defendant's restitution, and

defendant herself made no effort to pay the restitution after her probation expired, a fact made clear by her own admission.

Defendant did not initially remember signing a note, so the court continued the hearing and asked a representative from the probation department to determine whether defendant did sign a note. When the hearing reconvened, the representative from the probation department told the court:

"I did call the Welfare Department and they indicated that [defendant] had signed a cognovit note because that was the procedure at the time and I believe it still is to this day and they also indicated that her starting restitution amount was $20,000 and she has a remaining balance of approximately $15,000 to this date."

The probation department representative's statement should have been a red flag to the court because defendant candidly told the court that she considered restitution complete upon expiration of her probation. Defendant's statement was clearly in error because at no point had the court formally vacated the restitution order. By defendant's own reckoning, nearly ten years had passed since her conviction and she had not paid any amount of restitution for more than seven years.

Restitution can be an integral part of an offender's sentence, not only as punishment, but for rehabilitation as well. In *Kelly v. Robinson* (1986), 479 U.S. 36, 52, 107 S.Ct. 353, 362, 93 L.Ed.2d 216, 230, the United States Supreme Court stated:

"The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment 'for the benefit of' the victim, the context in which it is imposed undermines that conclusion. * * * 'Unlike an obligation which arises out of contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.'" Quoting *In re Pellegrino* (1984), 42 B.R. 129, 133.

Under the circumstances, it appears that defendant's "promise" to pay restitution as part of her sentence was an empty one because by her own admission, she had no intention of making any further payments. Were we to affirm the court's decision to seal the record of conviction, we would be creating law that would take away any incentive to pay full restitution. At the time restitution is ordered, an offender, knowing full well that the note is worthless, could sign a note promising payment and then have the record of conviction sealed without ever having made good on the note. The only meaningful collateral disability associated with the

622

restitution order would be the inability to have the record of conviction sealed, but the promissory note would make that disability meaningless. In the end, the offender would have no reason to pay the note.

 Whether the state chooses to collect the debt or not, until such time as the restitution order is paid in full, defendant cannot be considered to have completed the terms of her sentence, and hence cannot be considered "finally discharged" for purposes of having the record of her conviction sealed.[1] The assigned error is sustained.

*Judgment reversed.*

PORTER, A.J., O'DONNELL and PATTON, JJ., concur.

---

1. We note that restitution orders imposed by state criminal courts as part of a criminal sentence are preserved from discharge in bankruptcy pursuant to Section 523(a)(7) of Chapter 7 of the United States Bankruptcy Code. *Kelly v. Robinson*, 479 U.S. at 50–53, 107 S.Ct. at 361–363, 93 L.Ed.2d at 229–231; *Pennsylvania Dept. of Public Welfare v. Davenport* (1990), 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588.