JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel.
The court sealed the record of defendant Doris Walker's conviction, even though she admittedly had not paid restitution as ordered when sentenced. The court sealed the record of conviction anyway, finding it an open issue whether the court could enforce a restitution order after an offender had been discharged.
The court erred by sealing the record of conviction. Our cases have uniformly held that an offender is not finally discharged for purposes of R.C. 2953.32(A)(1) until all fines or restitution have been paid. See State v. Wainwright (1991), 75 Ohio App.3d 793, 600 N.E.2d 831; State v. Pettis, 133 Ohio App.3d 618, 729 N.E.2d 449 (1999); State v. McKenney (May 31, 2001), Cuyahoga App. No. 79033, unreported. As defendant had not paid restitution, she was not finally discharged as required by R.C.2953.32(A)(1). A final discharge for purposes of having a record of conviction sealed is a different matter than being paroled. Hence, the court's misgivings about whether the Ohio Adult Parole Authority has the sole authority to enforce restitution orders after discharge from prison are simply not an issue for our purposes here. The assigned error is sustained.
Expungement vacated.
This cause is vacated for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.