### In re WHITE; State of Ohio, Appellant.

[Cite as *In re White*, 165 Ohio App.3d 288, 2006-Ohio-233.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–365.

Decided Jan. 24, 2006.

Yvette D. White, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Richard Termuhlen II, Assistant Prosecuting Attorney, for appellant.

FRENCH, Judge.

{¶ 1} Appellant, the state of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court granted an application to seal records in favor of appellee, Yvette D. White.

{¶ 2} Appellee filed an application to seal records pertaining to a felony theft conviction in case No. 92CR–09–4448. Appellant filed a written objection to the application, and the trial court held a hearing on the matter.

{¶ 3} At the hearing, the trial court acknowledged that appellee still owed restitution on the theft offense. Thus, the trial court initially told appellee: "[A]t this point in time I can't grant your request." However, the trial court ultimately decided:

Let me do this. [Appellant] isn't here. I will teach him a lesson. I am going to grant this. [Appellant] will appeal this, and I will be overturned. The Court of Appeals will not let me do this.

In that short period of time you may be able to get a job. If you can, then it will come back here, and I will have to get you back in the courtroom, and then we can talk about the restitution aspect.

{¶ 4} Accordingly, the trial court granted appellee's application to seal records pertaining to her felony theft conviction. Appellant appeals, raising one assignment of error:

A court lacks jurisdiction to seal the record when the applicant has not made restitution as required by the sentencing entry.

{¶ 5} In its single assignment of error, appellant contends that the trial court erred by granting appellee's application to seal records pertaining to her felony theft conviction because appellee still owed restitution. We agree.

{¶ 6} Under R.C. 2953.32(A)(1):

[A] first offender may apply to the sentencing court if convicted in this state * . * * for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

{¶ 7} An offender is not finally discharged for purposes of R.C. 2953.32(A)(1) if the offender still owes restitution. *State v. Wallace* (Dec. 6, 2001), Cuyahoga App. No. 79669, 2001 WL 1557523; *State v. Pettis* (1999), 133 Ohio App.3d 618, 619–620, 729 N.E.2d 449; *State v. Wainwright* (1991), 75 Ohio App.3d 793, 795, 600 N.E.2d 831. Here, appellee had not been finally discharged pursuant to R.C. 2953.32(A)(1) when she applied to seal the theft-conviction records because she had not paid the ordered restitution. Thus, appellee was not yet eligible to apply to seal the theft-conviction records, and the trial court erred by granting the application. Therefore, we sustain appellant's single assignment of error, and we reverse the judgment of the Franklin County Court of Common Pleas.

Judgment reversed.

BRYANT and PETREE, JJ., concur.