OPINION
{¶ 1} Defendant-appellant, John E. Jordan ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court denied appellant's motion to seal his record of conviction. *Page 2 
 {¶ 2} On May 22, 1995, appellant pled guilty to one count of theft, a felony of the fourth degree, arising out of his fraud perpetrated upon the Ohio Bureau of Workers' Compensation ("BWC"). On June 27, 1995, the trial court sentenced appellant to five years of probation, the terms of which included the payment of restitution to the BWC in the amount of $54,304.18. When appellant's probation was terminated on May 12, 2000, he had only paid $5,165.30 in restitution. BWC recouped additional funds in the amount of $1,951.20, from appellant's ongoing workers' compensation benefits, leaving an unpaid balance of $47,187.68.
 {¶ 3} On August 8, 2006, appellant filed a motion for sealing of his record of conviction. Appellee, State of Ohio, filed a memorandum in opposition to the motion, and the trial court held a hearing on the matter, after which the court denied the motion.
 {¶ 4} Appellant timely appealed and advances a single assignment of error, as follows:
 The court Sub Judice abused it's [sic] discretion when it denied Appellant's application for the expunge [sic] of his conviction of fraud.
 {¶ 5} Section 2953.32(A)(1) of the Ohio Revised Code provides, in pertinent part:
 [A] first offender may apply to the sentencing court if convicted in this state * * * for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony * * *
 {¶ 6} This court recently held, "[a]n offender is not finally discharged for purposes of R.C. 2953.32(A)(1) if the offender still owes restitution." In re White, 165 Ohio App.3d 288, 2006-Ohio-233,846 N.E.2d 93, ¶ 7. See, also, Willowick v. Langford (1984),15 Ohio App.3d 33, 15 OBR 55, 472 N.E.2d 387, syllabus; State v. Wainwright (1991), 75 Ohio *Page 3 
App.3d 793, 795, 600 N.E.2d 831; State v. Pettis (1999),133 Ohio App.3d 618, 619-620, 729 N.E.2d 449.
 {¶ 7} In the present case, it is undisputed that appellant had not been finally discharged, pursuant to R.C. 2953.32(A)(1), when he filed his application for sealing of his record of conviction, because he had not paid the ordered restitution. Thus, appellant was not yet eligible to apply to seal his conviction records, and the trial court did not err in denying his application. As such, we overrule appellant's single assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and KLATT, JJ., concur. *Page 1