[Cite as *State v. Black*, 2015-Ohio-4256.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 15AP-539 |
| | | (C.P.C. No. 14EP-536) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Aleicia D. Black, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N
NUNC PRO TUNC[1]

Rendered on November 20, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a decision of the Franklin County Court of Common Pleas that granted Aleicia Black's[2] application to seal records of a criminal conviction. We conclude that Black is ineligible to have her criminal records sealed until the expiration of the three-year statutory period in R.C. 2953.32(A)(1), even though the trial court found that she had satisfied the requirements of R.C. 2953.32(C). We therefore reverse with instructions to dismiss her application to seal her records of a criminal conviction.[3]

---

[1] This decision replaces, nunc pro tunc, the nunc pro tunc decision released October 15, 2015, and is effective as of that date. Specifically, this decision indicates Judge Sadler concurs in judgment only.

[2] The record varies the spelling of Black's name between Aleicia and Alecia. The application giving rise to this case spells it Aleicia and is the spelling used herein.

[3] We specifically do not determine in our decision what final discharge is for the purposes of sealing criminal records when the requirements of a community control sentence are completed after community control has been terminated.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  By entry filed August 7, 2009, Black was convicted of a fifth-degree felony, in violation of R.C. 2925.11, entitled "possession of controlled substances," and sentenced to a period of 2 years of community control, including a requirement to complete 150 hours of community service.  On July 12, 2011, the probation department requested that her probation be revoked based on her failure to complete 115.25 hours of her 150-hour community service requirement.  The trial court held a hearing on August 2, 2011, and concluded that, although Black had not completed her community service requirement, probation need not be revoked.  Instead, the court terminated Black from probation as "Unsuccessful."

{¶ 3}  On August 4, 2014, Black applied to have her conviction records sealed pursuant to R.C. 2953.32.  On October 9, 2014, the state objected on grounds that Black had not completed her community service requirement.  The state also noted, "until it can be established that applicant has completed community service and fulfilled the mandatory waiting period, applicant remains ineligible to seal this record."  (Objections, 2.)  The trial court held a hearing on the matter on April 28, 2015.  During the hearing, Black introduced evidence (a copy of which is in the record before us by way of supplemental filing) to show that she had volunteered an additional 116.17 hours through Volunteers of America.  (Supplemental Record shows 116 hours and 10 minutes.)

{¶ 4}  Based on the fact that Black had been terminated from probation and had thereafter completed her community service, the trial court granted Black's application.  The state now appeals.

## II.  ASSIGNMENT OF ERROR

{¶ 5}  The state advances a single assignment of error for our review:

> THE TRIAL COURT LACKED JURISDICTION TO SEAL THE RECORD OF CONVICTION, WHERE DEFENDANT HAD NOT FULFILLED THE MANDATORY WAITING PERIOD.

## III.  DISCUSSION

{¶ 6}  Sealing records in Ohio is a two-step process.  In the first step, a trial court is called on to determine if a person is eligible.  The specific requirements for eligibility vary depending on whether a person is seeking to seal records of convictions and bail forfeitures or seeking to seal records relating to arrests and cases ending in "not guilty" findings, dismissals, and "no bill" verdicts.  *Compare* R.C. 2953.32 *with* 2953.52.  When

an applicant for expungement seeks to seal records of a conviction, he or she must first be determined to be an "eligible offender"; that is, a court must determine whether his or her criminal record reflects a permissible number of convictions, that the conviction(s) sought to be sealed is/are currently eligible to be sealed (based on the time elapsed since the time of final discharge and the nature of the conviction), and that no criminal proceedings are then currently pending against the applicant. *See* R.C. 2953.31(A); 2953.32(A) and (C)(1)(a) and (b).

{¶ 7} R.C. 2953.31(A), as amended by 2012 Am.Sub.S.B. No. 337 ("S.B. No. 337") expanded the number of offenses subject to sealing of the records (also referred to as "expungement" in some circumstances) in determining whether an applicant is an "eligible offender":

> [A]nyone who has been convicted of an offense in this state or any other jurisdiction and ~~who previously or subsequently has not been convicted of the same or a different offense~~ has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

(Emphasis sic.)  S.B. No. 337.

{¶ 8} Under R.C. 2953.32(C)(1)(a) and (b), when a trial court reviews an application for the sealing of an adult criminal record, it must determine as a threshold question whether an applicant is an "eligible offender" as is set forth in R.C. 2953.32(A) and 2953.31(A).  A court lacks jurisdiction to seal records when an applicant is not an "eligible offender."  *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6. Whether an applicant is an eligible offender is an issue that we review de novo.  *State v. Tauch*, 10th Dist. No. 13AP-327, 2013-Ohio-5796, ¶ 7.

{¶ 9} Once an applicant has been found to be an eligible offender, the statutes require a court to use its discretion to weigh a number of factors that vary, depending on whether the person seeks to seal records of convictions and bail forfeitures or records relating to arrests and cases ending in dismissals, "not guilty" findings, or "no bill" verdicts. *Compare* R.C. 2953.32 *with* 2953.52. When considering sealing records of a conviction for an eligible offender, a trial court must make statutorily required determinations of: (1) whether the applicant has been rehabilitated to the satisfaction of the court, (2) whether the reasons, if any, offered by the prosecutor in any written objection against sealing the records are persuasive, and (3) whether the interests of the applicant in having conviction records sealed outweigh the legitimate needs, if any, of the state to maintain those records. R.C. 2953.32(C)(1)(c) through (e). We review a trial court's determination on these issues for abuse of discretion. *Tauch* at ¶ 17.

{¶ 10} Except as provided in divisions (G), (H), or (I) of R.C. 2953.32, if the trial court finds that a person is eligible and using its discretion determines that the facts supporting the other required findings should be construed to favor sealing the records of conviction, the trial court "*shall* order all official records of the case that pertain to the conviction or bail forfeiture sealed." (Emphasis added.) R.C. 2953.32(C)(2). The sealing statutes are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties in obtaining justice. *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999), citing R.C. 1.11; *Barker v. State*, 62 Ohio St.2d 35, 42 (1980).

{¶ 11} We recently decided a case factually similar to this in *State v. Gainey*, 10th Dist. No. 14AP-583, 2015-Ohio-3119. Gainey had applied for sealing of her records but had not completed her community service. *Id.* at ¶ 5. We explained that one of the requirements for sealing the records of a felony is that the application is made " ' "at the expiration of three years after the offender's final discharge." ' " *Id.* at ¶ 10, quoting *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 9, quoting R.C. 2953.32(A)(1). Then, in reliance on a recent Supreme Court of Ohio case, we noted that an applicant does not obtain "final discharge" until the applicant has "served all components of his or her sentence." *Id.* at 11, citing *State v. Aguirre*, ___ Ohio St.3d ___, 2014-Ohio-4603, ¶ 18; *State v. Hoover*, 10th Dist. No. 12AP-818, 2013-Ohio-3337, ¶ 7; *State v. Pettis*, 133 Ohio App.3d 618, 619 (8th Dist.1999); *Black* at ¶ 10; *State v. Jordan*, 10th Dist. No. 07AP-584, 2007-Ohio-6383, ¶ 7; *In re White*, 165 Ohio App.3d 288, 2006-Ohio-233, ¶ 7 (10th Dist.). *Aguirre* and the other cases cited stand for the proposition that restitution is a component

of an applicant's sentence and must be paid in full before an applicant is considered to have obtained "final discharge" for purposes of determining eligibility. *See id.* at syllabus. *Gainey* extended that holding to community service and reasoned that Gainey was "not *currently* an eligible offender for purposes of the sealing statute" because she had "not completed the community service component of her sentence." (Emphasis added.) *Id.* at ¶ 14.

{¶ 12} In this case, unlike in *Gainey*, Black presented evidence that she completed her community service after her community control[4] was terminated unsuccessfully. The trial court, in its discretion, determined that she satisfied the factors contained in R.C. 2953.32(C)(1)(a) through (e). However, nothing in *Gainey* abrogates the waiting period set forth in R.C. 2953.32, the waiting period that begins from the date of final discharge. R.C. 2953.32(A)(1). Even if final discharge were determined to be the date Black completed the remaining community service component of her sentence, Black is ineligible to have her criminal records sealed until the expiration of the three-year statutory period set forth in R.C. 2953.32(A)(1). Thus, the trial court lacked jurisdiction to seal her records.

{¶ 13} We sustain the state's assignment of error.

## IV. CONCLUSION

{¶ 14} Because R.C. 2953.32 forbids application for sealing of felony conviction records until "the expiration of three years after the offender's final discharge," we conclude that she was not an eligible offender at the time the trial court granted her application to seal her records. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand with instructions to the trial court to dismiss Black's application.

*Judgment reversed and cause remanded with instructions.*

KLATT, J., concurs.
SADLER, J., concurs in judgment only.

---

[4] This decision replaces, nunc pro tunc, the original decision released October 13, 2015, and is effective as of that date. This decision replaces the word "service" with "control" in the second line of ¶ 12 to correct a clerical error.