[Cite as *State v. C.L.W.*, 2019-Ohio-1965.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 18AP-658<br>(C.P.C. No. 12CR-5780) |
| C.L.W., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 21, 2019

**On brief***: Dave Yost*, Attorney General, and *Glenn P. Willer*, for appellant. **Argued:** *Glenn P. Willer*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals a decision from the Franklin County Court of Common Pleas granting an application to seal a criminal record. Defendant-appellee, C.L.W., has not appeared in the action.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 3, 2013, appellee, C.L.W., pled guilty to one count of forgery, in violation of R.C. 2913.31, a felony in the fifth degree, in Franklin C.P. No. 12CR-5780. The trial court imposed one year of community control and ordered appellee to pay restitution in the amount of $2,500 to the Ohio Department of Medicaid.

{¶ 3} On April 30, 2018, appellee paid $2,085 in restitution, which fulfilled her outstanding restitution obligation.

{¶ 4} On June 22, 2018, appellee filed an application to seal her record. The state objected to the application, arguing that appellee was not eligible to have her record sealed.

{¶ 5}   The trial court held a hearing on August 16, 2018. After providing both parties the opportunity to speak, the trial court granted the application and ordered that the record be sealed.  The state appeals this decision.

## II. ASSIGNMENT OF ERROR

{¶ 6}   The state submits one assignment of error for our review:

> THE TRIAL COURT ERRED IN GRANTING AN APPLICATION TO SEAL A CONVICTION WHEN THE OFFENDER HAD NOT RECEIVED A FINAL DISCHARGE.[1]

## III.  STANDARD OF REVIEW

{¶ 7}   An appellate court generally reviews a trial court's decision on an application to seal a record of conviction under an abuse of discretion standard.  *State v. Paige*, 10th Dist. No. 15AP-510, 2015-Ohio-4876, ¶ 5, citing *State v. Black,* 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6.  Whether an applicant is an eligible offender for purposes of sealing a criminal record, though, is an issue of law.  *Id.* at ¶ 5, citing *State v. Hoyles*, 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.  We review questions of law de novo.  *Id.*, citing *Black* at ¶ 6.

## IV.  LAW AND ANALYSIS

{¶ 8}   The state argues that appellee was not eligible to have her record sealed because it had not been three years since she satisfied her restitution obligation.  We agree.  Pursuant to R.C. 2953.32(A)(1):

> [A]n eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction. Application may be made at one of the following times:
>
> (a) At the expiration of three years after the offender's final discharge if convicted of one felony

---

[1] Although the state refers to a "final discharge" in its assignment of error, its argument focuses only on whether appellee waited three years after her final discharge, not on whether she had obtained a final discharge.  The assignment is inartful.  Because the assignment submits that the trial court erred in granting the application to seal, the issue is properly before the court, and we sustain the assignment of error.

{¶ 9}     Upon motion to seal, the trial court must hold a hearing on the motion. The court is required to "[d]etermine whether the applicant is an eligible offender." R.C. 2953.32(C)(1)(a). "The first considerations in determining eligibility are whether the offender has obtained a final discharge and whether three years have elapsed since that event." *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 18, citing R.C. 2953.32(A)(1). "[A] court may seal an offender's conviction record 'only when all requirements for eligibility are met.' " *Id.* at ¶ 16, quoting *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11 .

{¶ 10} The term "final discharge" is not defined by statute. Nonetheless, Ohio courts, including the Supreme Court and this court, have consistently held that " '[a]n offender is not finally discharged for purposes of R.C. 2953.32(A)(1) if the offender still owes restitution.' " *Aguirre* at ¶ 19, quoting *In re White*, 165 Ohio App.3d 288, 290, 2006-Ohio-233, ¶ 7 (10th Dist.) (citing *State v. Wallace*, 8th Dist. No. 79669 (Dec. 6, 2001); *State v. Pettis*, 133 Ohio App.3d 618, 619-20 (8th Dist.1999); *State v. Wainwright*, 75 Ohio App.3d 793, 795 (8th Dist.1991)). Plainly, "final discharge cannot occur until restitution is fully paid[,and] [o]nly then does the three-year waiting period in R.C. 2953.32(A)(1) commence to run." *Aguirr*e at ¶ 20. Then, "only after the expiration of that period may [an applicant] apply to have her record sealed." *Id.* Before the expiration of this three-year period of time, an applicant is ineligible to have his or her record sealed. As we and the Ohio Supreme Court recognize, " 'R.C. 2953.32 et seq. set out the limits of the trial court's jurisdiction to grant a request to seal the record of convictions.' " *In re Application for Sealing of the Records of: A.R.H.*, 10th Dist. No. 18AP-554, 2019-Ohio-1325, ¶ 11, quoting *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 12 .

{¶ 11} It is undisputed that appellee did not fulfill her restitution obligations until April 30, 2018. That is the date of "final discharge." At that time, the three-year clock began to run for appellee to become eligible to have her record sealed under R.C. 2953.32. Appellee's application was clearly premature and the trial court lacked jurisdiction to grant the application. As such, we sustain the state's single assignment of error, and we reverse the judgment of the Franklin County Court of Common Pleas. We remand this matter to the trial court with instructions to vacate the order sealing the record and dismiss appellee's application.

*Judgment reversed; cause*
*remanded with instructions.*

KLATT, P.J., and SADLER, J., concur.