[Cite as *State v. J.L.*, 2020-Ohio-3466.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 19AP-91 |
| | | (C.P.C. Nos. 06CR-6393) |
| v. | : | 07CR-3357) |
| [J.L.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 25, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellant. **Argued:** *Valerie B. Swanson.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals a decision of the Franklin County Court of Common Pleas entered on February 12, 2019, in which it granted the application for order sealing record of conviction filed by J.L., defendant-appellee.

{¶ 2} On August 24, 2006, a Franklin County Grand Jury indicted J.L. for one count of receiving stolen property and one count of burglary in case No. 06CR-6393. J.L. was initially granted diversion, but diversion was set aside after a second indictment issued in May 2007 in case No. 07CR-3357. The second indictment alleged identity fraud, misuse of credit, theft, safecracking of his parents' lockbox to obtain a credit card stored there, and three counts of forgery.

{¶ 3} J.L. ultimately entered guilty pleas in both cases. In case No. 06CR-6393, he pled guilty to burglary as a fourth-degree felony on July 24, 2007. In case No. 07CR-

3357, he pled guilty to two counts of forgery, both felonies of the fourth degree on August 17, 2007. The trial court imposed three years of community control (also referred to as "probation") in the two cases and, in case No. 07CR-3357, required J.L. to pay $4,000 in restitution. Although the judgment entry did not specify to whom restitution was owed, the court's handwritten August 17, 2007 disposition sheet indicated it should be paid to "National City Bank." The August 27, 2007 restitution order specified "National City Bank" but listed the amount to be paid as $1,400. No party appealed.

{¶ 4} On May 22, 2009, J.L.'s three-year period of community control was extended for another two years by agreement with a new termination date set for August 14, 2012.

{¶ 5} On July 19, 2012, the probation department requested revocation in case No. 07CR-3357 on grounds J.L. had paid only $799 of the restitution order and still owed $3,201. On August 24, 2012, the trial court heard the probation department's request for revocation of J.L.'s community control in case No. 07CR-3357. At the hearing, the trial court found J.L. had violated probation but determined to discharge him, noting unsuccessful completion, rather than to revoke probation and impose a prison term. In the August 24, 2012 criminal case processing sheet, the court ordered that community control be terminated as unsuccessful and that restitution be reduced to a civil judgment against J.L. No party sought an appeal to challenge the conversion of restitution to a civil judgment. On August 27, 2012, the trial court issued an order terminating probation as unsuccessful in case No. 07CR-3357. During this same period, on July 25, 2012, the trial court issued an entry finding J.L. had fully complied with the terms of his probation in case No. 06CR-6393 and discharged him successfully with respect to that case.

{¶ 6} Six years later, on November 30, 2018, J.L. filed an application for order sealing the record in both case Nos. 06CR-6393 and 07CR-3357. The state objected on the ground that J.L. was ineligible with respect to case No. 07CR-3357 due to the fact he had not paid full court-ordered restitution. At a hearing on January 25, 2019, J.L.'s father and mother testified they were the victims of the forgery crimes in case No. 07CR-3357. J.L., while involved with drugs and criminal associates, had broken into his parents' lockbox, stolen their credit card, and used it without authorization. J.L.'s father testified that J.L. was doing better and that, as of the time of the hearing, he and his wife had a

good relationship with J.L. again. J.L.'s mother testified that in light of the restored relationship, they had determined to forgive the remainder of the unpaid restitution; she also filed an affidavit to that effect on the day of the hearing. No party objected to J.L.'s parents' assertion that they were the victims to whom restitution was owed or to J.L.'s mother's forgiveness of the remaining obligation.

{¶ 7} After hearing arguments of counsel on whether to seal J.L.'s criminal records based on the evidence, the trial court determined that the matter hinged on a single legal issue: eligibility timing. Because more than five years had elapsed since J.L.'s discharge from probation, J.L.'s defense counsel argued that a sealing could be granted immediately, particularly in light of his parents' forgiveness of restitution. The state, however, argued that final discharge had not occurred until the previously ordered restitution in the 2007 case was paid or forgiven and, thus, the statutory waiting period had not begun to run until the date when restitution forgiveness had been established, which was at the hearing on J.L.'s application for order sealing record on January 25, 2019. The trial court took the matter under advisement.

{¶ 8} On February 9, 2019, the trial court reconvened for another hearing at which it heard further argument and announced its decision. The trial court determined that J.L. was an "eligible offender" under R.C. 2953.31 and 2953.32, and it held that his application was timely because his final discharge date was when he was discharged from community control on August 24, 2012. The trial court concluded that J.L. had been rehabilitated to the satisfaction of the court and, in light of his parents' forgiveness of the debt for the previously ordered restitution, J.L.'s interest in having the records sealed outweighed the legitimate interest of the government in maintaining the records for public view. In a February 12, 2019 judgment, the trial court granted J.L.'s application for an order sealing his record. The state appeals, asserting the following assignment of error:

> THE TRIAL COURT LACKED JURISDICTION TO SEAL THE RECORD OF CONVICTION BECAUSE THE APPLICANT STILL OWES RESTITUTION, AND EVEN IF THE RESTITUTION ORDER WERE MODIFIED, APPLICANT HAS NOT COMPLIED WITH THE STATUTORY WAITING PERIOD.

{¶ 9} Whether to grant an application to seal criminal records is a two-step process. In the first step, the trial court determines whether the offender is an "eligible offender," including whether the offender has waited the requisite time period before filing. *State v. C.A.*, 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 9. We review this step de novo. *State v. C.L.W.*, 10th Dist. No. 18AP-658, 2019-Ohio-1965, ¶ 7. In the second step, a trial court weighs a number of substantive considerations for and against the sealing. *See C.A.* at ¶ 10. The considerations undertaken in this second step are reviewable according to an abuse of discretion standard. *C.L.W.* at ¶ 7. Despite employing discretion in weighing the substantive considerations for and against sealing, a trial court "shall" grant an application to seal criminal records when all the statutory requirements are met. R.C. 2953.32(C)(2); *see also C.A.* at ¶ 11; *State v. Schoenberger*, 10th Dist. No. 15AP-451, 2015-Ohio-4870, ¶ 8.

{¶ 10} The state's arguments in this case concern only the first step—whether J.L. is an "eligible offender" and has waited the requisite period of time to apply, according to the definition of "eligible offender" in R.C. 2953.31 and 2953.32. As relevant to this case, an eligible offender is:

> Anyone who has been convicted of one or more offenses, but not more than five felonies, * * * if all of the offenses * * * are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense[.]

R.C. 2953.31(A)(1)(a).

{¶ 11} According to the records in this case, J.L. has been convicted of three fourth-degree felonies: two counts of forgery and one count of burglary, now called trespass in a habitation. None of these is an offense of violence or a felony sex offense. *See, e.g.*, R.C. 2901.01(A)(9); 2929.01(RR); and 2967.28(A)(3). Hence, J.L. is an "eligible offender" within the meaning of Ohio's sealing statutes.

{¶ 12} "[A]n eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction * * * at the expiration of five years after final discharge if convicted of three, four, or five felonies." R.C. 2953.32(A)(1)(b). Having been convicted of three felonies, J.L. was required to wait five years after "final

discharge" from the period of community control imposed as punishment for them before applying to have records of his convictions sealed.

{¶ 13} "Final discharge" is not defined by the Ohio Revised Code, but it has been extensively discussed and defined in case law. Both this court and the Supreme Court of Ohio have consistently defined final discharge to mean that an offender has served all components of the sentence, including the satisfaction of restitution. *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, syllabus; *C.L.W.* at ¶ 10, citing *Aguirre* at ¶ 19; *In re White*, 165 Ohio App.3d 288, 2006-Ohio-233, ¶ 7 (10th Dist.), citing *State v. Wallace*, 8th Dist. No. 79669 (Dec. 6, 2001); *State v. Pettis*, 133 Ohio App.3d 618, 619-20 (8th Dist.1999); *State v. Wainwright*, 75 Ohio App.3d 793, 795 (8th Dist.1991); *State v. Gainey*, 10th Dist. No. 14AP-583, 2015-Ohio-3119, ¶ 11, citing *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 10; *State v. Hoover*, 10th Dist. No. 12AP-818, 2013-Ohio-3337, ¶ 7; *State v. Jordan*, 10th Dist. No. 07AP-584, 2007-Ohio-6383, ¶ 7; *In re White* at ¶ 7; *Pettis* at 619. These holdings are founded on the rationale that restitution is generally considered a part of a sentence with both remedial and punitive purposes. *Aguirre* at ¶ 23, citing *Paroline v. United States*, 572 U.S. 434 (2014).

{¶ 14} R.C. 2929.18(A) allows a trial court to impose "[r]estitution by the offender to the victim," and provides:

> Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.

{¶ 15} The Supreme Court has stated "final discharge cannot occur until restitution is fully paid. Only then does the * * * waiting period in R.C. 2953.32(A)(1) commence to run, and only after the expiration of that period may [the applicant seek] to have her record sealed." *Aguirre* at ¶ 20; *see also C.L.W.* at ¶ 10 ("Plainly, final discharge cannot occur until restitution is fully paid, and only then does the three-year waiting period in R.C. 2953.32(A)(1) commence to run.").

{¶ 16} The state relies on *Aguirre* to argue that J.L. applied too soon for the sealing of his records. At the hearing on J.L.'s application for order sealing records, the state

asserted that J.L. was an ineligible offender under R.C. 2953.31 and 2953.32 because he had not fully paid restitution in the 2007 case. The state further argues on appeal that, even though his parents, the victims, forgave the restitution amount at the January 25, 2019 hearing on sealing, J.L. had to wait to apply for sealing until five years had elapsed from the date his parents forgave what had become a debt.

{¶ 17} In granting J.L.'s application for order sealing record, the trial court found that the victims, J.L.'s parents, had forgiven the outstanding restitution and requested the court and state not pursue any further payment of the restitution. The court also found that the July 25, 2012 community control termination order in case No. 06CR-6393 acted as a final discharge. The court concluded that, based on these circumstances, J.L. had waited the requisite statutory period of five years before filing his November 30, 2018 application for order sealing record.

{¶ 18} However, we do not find J.L. qualified for the sealing of his record pursuant to R.C. 2953.31(A)(1)(b) because five years had not elapsed between J.L.'s application for order sealing record and "final discharge." As for the trial court's August 24, 2012 criminal case processing sheet terminating community control as unsuccessful and reducing restitution to a civil judgment, pursuant to R.C. 2929.18(D)(1), such did not constitute a final discharge. The application of R.C. 2929.18(D)(1) does not alter the determination of whether restitution was fully paid. Instead, R.C. 2929.18(D)(1) merely provides a way of collecting a financial sanction by obtaining a certificate of judgment in the same manner and form as a certificate of judgment in a civil case. Whether ordered in the original judgment or a subsequently obtained certificate of judgment, the recompense to the victim remains unsatisfied. Furthermore, the August 27, 2012 order terminating probation as unsuccessful did not act as a final discharge, consistent with *Aguirre*, as restitution was not fully paid at that time. As the Supreme Court held in *Aguirre*, "[w]hen restitution is owed, discharge from community control does not effect a final discharge for purposes of R.C. 2953.32(A)(1)." *Id.* at ¶ 19. Finally, contrary to what the trial court found, the trial court's July 25, 2012 termination of community control in case No. 06CR-6393 did not constitute a final discharge, given J.L. had still not paid his court-ordered restitution in case No. 07CR-3557. Thus, none of these court actions acted as a final discharge under R.C.

2953.31(A)(1)(b) because at the time of J.L.'s filing of his application for an order sealing his record, he still owed restitution and the entry reflected this by terminating his probation as unsuccessful.

{¶ 19} As for the trial court's finding that "final discharge" had occurred in the present case because the victims, J.L.'s parents, had forgiven the outstanding restitution and requested the court and state not pursue any further payment of the restitution, this finding was improper. Although the judgment entry did not specify to whom restitution was owed, the court's handwritten August 17, 2007 disposition sheet indicated it should be paid to "National City Bank." The August 27, 2007 restitution order also specified "National City Bank" as the party to receive restitution. Thus, only National City Bank could forgive the payment of restitution. As only National City Bank could forgive the payment of restitution, the trial court's reliance upon J.L.'s parents' forgiveness to support a finding that there was a "final discharge" was improper.

{¶ 20} We note that, at the time of the trial court's decision in the present case, this court had previously determined a bank that reimburses its customer for financial loss is not a "victim" for purposes of R.C. 2929.18(A)(1) and, therefore, cannot be awarded restitution from a defendant. *See State v. Allen*, 10th Dist. No 17AP-296, 2018-Ohio-1529, ¶ 16 ("*Allen I*"). However, after briefing and oral argument in the present appeal, the Supreme Court reversed this court's decision in *Allen I*. In *State v. Allen*, ___ Ohio St.3d ___, 10th Dist. No. 2019-Ohio-4757 ("*Allen II*"), the Supreme Court found that, pursuant to R.C. 2929.18(A)(1), a bank that cashes a forged check and recredits its depositor's account is a "victim." *Allen II* at ¶ 5. In the present case, the trial court ordered restitution in favor of National City Bank, consistent with *Allen II*.

{¶ 21} Therefore, based on the above findings, we find J.L. was not an eligible offender who timely filed his application for order sealing record. An eligible offender may apply for sealing of the record at the expiration of five years after final discharge. Here, J.L. filed an application for an order sealing his record on November 30, 2018. Because his discharge from community control in the August 24 processing sheet, August 27 probation termination order, and July 25, 2012 probation termination order did not act as final discharges due to his failure to fully satisfy the restitution order, the five-year waiting period required by R.C. 2953.31(A)(1)(b) had not elapsed at the time

he filed his application. For these reasons, we find the trial court erred when it granted J.L.'s application for order sealing record of conviction, and we sustain the state's assignment of error.

{¶ 22} Accordingly, the state's single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed.

*Judgment reversed.*

LUPER SCHUSTER, J., concurs.
BRUNNER, J., dissents.

BRUNNER, J., dissenting.

{¶ 23} I respectfully dissent from the decision of the majority because J.L.'s restitution obligation was not legally imposed in the first place.[1]  I dissent also because J.L.'s restitution order was ordered to be converted into a civil judgment more than five years before he filed an application to seal criminal records, with J.L.'s November 2018 sealing application having been filed after the legally required waiting period under R.C. 2953.32(A)(1)(b).  I would hold that the trial court did not commit legal error in considering J.L.'s application with neither party arguing that the trial court abused its discretion in weighing the evidence at the hearing and determining to grant the sealing.  I would overrule the State's sole assignment of error and affirm the judgment of the trial court.

{¶ 24} There are at least two obvious problems with the State's approach.  First, there was no valid restitution ordered.  R.C. 2929.18(A)(1); *State v. Ping*, 10th Dist. No. 18AP-612, 2019-Ohio-2458, ¶ 9-11.  Second, the restitution order, as a criminal sanction of community control, was ordered converted to a civil judgment, and J.L. was discharged from community control on August 24, 2012 with no unsatisfied restitution order pending.  (Aug. 24, 2012 Disposition Sheet.)

{¶ 25} Under *Aguirre*, " 'an offender is not finally discharged until he has served any sentence previously imposed by the court.' "  *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 23, quoting *State v. Hoover*, 10th Dist. No. 12AP-818, 2013-Ohio-

---

[1]  Plaintiff-appellant, State of Ohio, appeals a decision of the Franklin County Court of Common Pleas, entered on February 12, 2019, sealing all official records in Franklin C.P. Nos. 06CR-6393 and 07CR-3357 under R.C. 2953.32.

3337, ¶ 7. If the trial court modifies the terms of community control to convert restitution to a civil judgment before discharging the offender from supervision, it has removed restitution as part of the "sentence previously imposed by the court." *Hoover* at ¶ 7. It should be noted that the terms of R.C. 2929.18(D) regarding converting restitution to a civil judgment are specific. And post-probation, a converted civil judgment causes the former probationer to become a judgment debtor, subject to collection through the typical statutory collection means.[2] More important, however, unpaid restitution converted to a civil judgment is still evidence subject to the trial court's discretionary review on an application to seal criminal records under R.C. 2953.32(C) such that, if an applicant has not paid the civil judgment, the trial court may find him or her not to be rehabilitated to the court's satisfaction and/or not to hold interests that outweigh the State's or the public's interests against sealing the criminal records.

{¶ 26} These problems exist within the context of the State's limited assignment of error, that being, whether J.L. is an eligible offender who timely filed his application to seal his criminal records.[3] The State seeks only that we determine whether the trial court committed error in its exercise of jurisdiction in determining that J.L. was an eligible offender who timely filed his application to seal. If we agree with the State, we invalidate the trial court's decision as voidable on direct appeal. *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873, ¶ 15; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 24. If we disagree, and I do, we would find that the trial court did properly exercise its jurisdiction. Here, the ultimate determination of the proper exercise of jurisdiction by the trial court hinges on whether restitution either ever existed or whether it existed at the time J.L. was released from supervision on August 24, 2012.

{¶ 27} For the reasons stated, I would find there is no unsatisfied portion of J.L's criminal sentence because (1) the restitution order cannot exist as restitution when

---

[2] "A financial sanction of restitution imposed pursuant to division (A)(1) * * * of this section is an order in favor of the victim of the offender's criminal act that can be collected through a certificate of judgment as described in division (D)(1) of this section, through execution as described in division (D)(2) of this section, or through an order as described in division (D)(3) of this section, and the offender shall be considered for purposes of the collection as the judgment debtor." R.C. 2929.18(D).

[3] In its sole assignment of error, the State has asked simply that we sustain its assignment of error that "[t]he trial court erred when it granted the defendant's prematurely filed application to seal." (State's Brief at iv.)

ordered paid to a third-party bank, even if it could have existed as to J.L.'s parents (who have now, in any event, forgiven the debt), and/or (2) restitution was converted to a civil judgment and J.L. was discharged from the criminal sanction (community control) more than five years before he filed his application for the sealing of his criminal records. I would therefore affirm the trial court's decision on these legal questions under a de novo standard. As neither party made arguments about the trial court's exercise of discretion in weighing the evidence at the hearing and making the factual findings about the extent of J.L.'s rehabilitation or the weighing of relative interests as required by statute after determining J.L. to be an eligible offender, I would decline to address those issues, overruling the State's sole assignment of error and affirming the judgment of the trial court.

_____