[Cite as *State v. Black*, 2014-Ohio-4827.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-338 |
| v. | : | (C.P.C. No. 13EP-792) |
| Daniel W. Black, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from an entry of the Franklin County Court of Common Pleas granting the application of defendant-appellee, Daniel W. Black, to seal the record of his prior conviction. Because the trial court erred in granting appellee's application to seal his record when he still owed restitution, we reverse.

**I. Facts and Procedural History**

{¶ 2} On January 27, 2006, appellee was convicted of one count of theft, a fifth-degree felony. As part of his sentence, the trial court imposed a period of community control and ordered appellee to pay restitution in the amount of $1,330. Appellee's community control was terminated February 11, 2008. Subsequently, on September 25, 2013, appellee filed an application for an order to seal the record of his conviction pursuant to R.C. 2953.32.

{¶ 3} During its investigation into appellee's application, the trial court's investigator issued a report determining appellee still owed $966 in restitution at the time he filed his application. After receiving the investigator's report, the state filed an objection to appellee's application to seal the record of conviction on February 26, 2014, arguing appellee's failure to pay restitution in full meant he had not yet received a "final discharge" from his conviction within the meaning of R.C. 2953.32(A)(1).

{¶ 4} At a hearing on April 14, 2014, appellee agreed he still owed $966 in restitution. The state reiterated its written objection that the trial court could not grant the application until appellee paid the restitution in full. At the conclusion of the hearing, the trial court determined appellee qualified as an eligible offender under R.C. 2953.32 and granted appellee's application. The trial court journalized its decision in an entry dated April 16, 2014. The state timely appeals.

## II. Assignments of Error

{¶ 5} The state assigns the following two assignments of error for our review:

[1.] The trial court lacked jurisdiction to seal the record of conviction because the applicant still owes restitution.

[2.] The trial court abused its discretion in granting the application to seal the record of conviction where it failed to determine whether [appellee] had been satisfactorily rehabilitated.

## III. Standard of Review

{¶ 6} An appellate court generally reviews a trial court's disposition of an application for an order sealing the record of conviction under an abuse of discretion standard. *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827 (8th Dist.2001). An abuse of discretion connotes more than an error of law or judgment; it implies that the attitude of the trial court was " 'unreasonable, arbitrary or unconscionable.' " *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. *Id.*, citing *State v. Derugen*, 110 Ohio App.3d 408, 410 (3d Dist.1996).

## IV. First Assignment of Error – Restitution

{¶ 7} In its first assignment of error, the state argues the trial court lacked jurisdiction to grant appellee's application. More specifically, the state asserts appellee still owed restitution for his offense and thus had not received a "final discharge" under R.C. 2953.32(A)(1).

{¶ 8} " '[E]xpungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). A court may grant expungement only when all statutory requirements for eligibility are met. *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5.

{¶ 9} Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." Further, where the offender was convicted of a felony, "[a]pplication may be made at the expiration of three years after the offender's final discharge." R.C. 2953.32(A)(1).

{¶ 10} The state asserts that, while appellee is an otherwise eligible offender within the meaning of the statute, appellee has not made full restitution and, thus, has not received a final discharge for purposes of the statute. Consistent with the state's position, this court has repeatedly held that an offender who has not made full restitution has not received a final discharge for purposes of R.C. 2953.32(A)(1). *State v. Hoover*, 10th Dist. No. 12AP-818, 2013-Ohio-3337, ¶ 7 (stating "this court and others have repeatedly held that final discharge under the statute does not occur until court-ordered restitution has been satisfied"); *State v. Black*, 10th Dist. No. 12AP-375, 2012-Ohio-6029, ¶ 6 (noting the offender had made only partial restitution and stating "[f]inal discharge under the statute does not occur until restitution has been satisfied"); *State v. Jordan*, 10th Dist. No. 07AP-584, 2007-Ohio-6383, ¶ 7 (concluding that where "it is undisputed that appellant had not been finally discharged * * * because he had not paid the ordered restitution," appellant thus "was not yet eligible to apply to seal his conviction records"); *In re White*, 165 Ohio App.3d 288, 2006-Ohio-233, ¶ 7 (10th Dist.) (holding "[a]n offender is not finally discharged for purposes of R.C. 2953.32(A)(1) if the offender still owes restitution").

{¶ 11} The trial court nonetheless granted appellee's application even though the parties did not dispute that appellee still owed restitution.  In granting appellee's application, the trial court relied on this court's decision in *State v. Aguirre*, 10th Dist. No. 12AP-415, 2013-Ohio-768 ("*Aguirre I*").  In *Aguirre I*, the offender was convicted of one count of theft, a fourth-degree felony, and was sentenced to a period of community control as well as ordered to pay $2,000 in restitution to the victim.  The offender was further ordered to pay the balance of $32,562.47 in restitution to two third-party insurance companies.  When the offender filed an application for expungement, the state objected based on the offender's failure to satisfy her obligation to pay restitution.  The offender had paid the $2,000 restitution to the victim but had not yet satisfied the restitution obligation to the two third-party insurance companies.  The state conceded that the offender had "completed all obligations owed to the state," but still argued expungement was premature based on the money owed to the third parties.  *Id.* at ¶ 6.  In affirming the trial court's granting of the application to seal the record of conviction, this court determined that based on a liberal construction of the expungement statutes, the offender had met all requirements for eligibility.  *Id.* at ¶ 18.  *Aguirre I* makes no mention of this court's decisions in *Black*, *Jordan*, and *White*, all decided before *Aguirre I*.

{¶ 12} However, the Supreme Court of Ohio has since reversed this court's decision in *Aguirre I*, holding that "[a]n offender does not attain a final discharge, and is thus ineligible to have his or her felony conviction records sealed under R.C. 2953.32(A)(1), until she has paid all court-ordered restitution."  *State v. Aguirre*, ____ Ohio St.3d ____, 2014-Ohio-4603, syllabus ("*Aguirre II*").  The Supreme Court noted this court's decision in *Aguirre I* represented a departure from this court's precedent and reiterated that "final discharge cannot occur until restitution is fully paid."  *Id.* at ¶ 20.  Only after restitution has been fully paid "does the three-year waiting period in R.C. 2953.32(A)(1) commence to run, and only after the expiration of that period may" an offender ordered to pay restitution have his or her record sealed.  *Id.*

{¶ 13} Accordingly, based on the Supreme Court's decision in *Aguirre II*, and this court's decisions in *Hoover*, *Black*, *Jordan*, and *White*, we conclude that because appellee still owed restitution at the time he filed his application, he had not yet received a final discharge and thus was not eligible to have the record of his conviction sealed.  Because

the trial court erred in granting appellee's application to seal his record, we sustain the state's first assignment of error. Our disposition of the state's first assignment of error renders the state's second assignment of error moot.

## V. Disposition

{¶ 14} Based on the foregoing reasons, the trial court erred in granting appellee's application to seal the record of his conviction when appellee had not yet satisfied the court-ordered restitution. Having sustained the state's first assignment of error which rendered moot the state's second assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to the trial court with instructions to deny appellee's application.

*Judgment reversed;*
*cause remanded with instructions.*

BROWN and CONNOR, JJ., concur.

———————————