[Cite as *State v. Gainey*, 2015-Ohio-3119.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-583 |
| v. | : | (C.P.C. No. 14EP-82) |
| Lakeisha Gainey, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 4, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant.

*Gregory Matthews*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from an entry of the Franklin County Court of Common Pleas granting the application of defendant-appellee, Lakeisha Gainey, to seal the record of her prior conviction. Because appellee failed to complete all the requirements of her sentence, she is ineligible to have her conviction record sealed under R.C. 2953.32(A)(1). Therefore, we reverse.

**Facts and Procedural History**

{¶ 2} On November 22, 1994, appellee was convicted of theft, a fourth-degree felony. Appellee was sentenced to a suspended 18-month term of incarceration and placed on three years of community control. Appellee was also ordered to pay restitution in the amount of $2,830 and to complete 100 hours of community service.

{¶ 3} The record indicates that on November 17, 1997, appellee was declared an absconder in connection with this theft conviction. She was arrested on an absconder

warrant on June 21, 2005. On August 12, 2005, the court, in her criminal case, restored appellee to community control and changed the termination date to August 12, 2006. Later, that termination date was extended again until August 12, 2007.

{¶ 4} On August 8, 2007, the court, in appellee's criminal case, filed an "Entry Terminating Community Control Unsuccessfully." In that entry, the court expressly stated that it "finds the defendant has not complied with the terms of her community control."

{¶ 5} Approximately seven years later, appellee filed an application to seal the record of her theft conviction. The trial court held a hearing on appellee's application and appellee testified. Appellee admitted that she completed only 75 of the 100 hours of community service required by her sentence. However, she testified she complied with the other requirements of her sentence. The trial court granted appellee's application to seal the record despite her failure to complete all the hours of community service required by her sentence.

{¶ 6} The state timely appealed assigning the following errors:

> [1.] THE TRIAL COURT LACKED JURISDICTION TO SEAL THE RECORD OF CONVICTION BECAUSE THE APPLICANT HAS NOT COMPLETED HER HOURS OF COMMUNITY SERVICE.
>
> [2.] THE TRIAL COURT LACKED JURISDICTION TO SEAL THE RECORD OF CONVICTION BECAUSE THE APPLICANT STILL OWES RESTITUTION.

## Standard of Review

{¶ 7} An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. An abuse of discretion connotes more than an error of law or judgment; it requires that the court's decision is "unreasonable, arbitrary or unconscionable." *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, we review questions of law of de novo. *Black* at ¶ 6. Whether an applicant is an eligible offender for purposes of sealing a criminal record is an issue of law. *State v. Hoyles*, 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

**Law of Expungement**

{¶ 8} In its first assignment of error, the state contends that the trial court erred as a matter of law when it granted appellee's application to seal the record of her prior conviction because appellee was not eligible under the statute due to her failure to complete the terms of her sentence. We agree.

{¶ 9} The sealing of a criminal record is an act of grace created by the state, and so is a privilege, not a right. *Black* at ¶ 8; *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). A court may grant an application to seal a criminal record only when all statutory requirements for eligibility are met. *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5.

{¶ 10} Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." Further, where the offender was convicted of a felony " '[a]pplication may be made at the expiration of three years after the offender's final discharge.' " *Black* at ¶ 9, quoting R.C. 2953.32(A)(1). A court can grant an application to seal a criminal record only to an "eligible offender." *Id.* If an applicant is not an eligible offender, a trial court lacks jurisdiction to grant the application. *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6.

{¶ 11} The first considerations in determining eligibility under the statute are whether the offender has obtained a final discharge and whether three years have elapsed since that event. *State v. Aguirre*, ___ Ohio St. 3d ___, 2014-Ohio-4603, ¶ 18. An offender is not eligible to have his or her record sealed unless he or she satisfies these two prerequisites. *Id.* Moreover, for purposes of determining eligibility, an offender is not finally discharged until the offender has served all components of his or her sentence previously imposed by the court. *State v. Hoover*, 10th Dist. No. 12AP-818, 2013-Ohio-3337, ¶ 7; *State v. Pettis*, 133 Ohio App.3d 618, 619 (8th Dist.) ("[a]n offender is not finally discharged until he has served any sentence previously imposed by the court"). This court has reaffirmed this principle on multiple occasions in the context of restitution. *Black* at ¶ 10 (noting the offender has made only partial restitution and stating "[f]inal discharge under the statute does not occur until restitution has been satisfied"); *State v. Jordan*, 10th Dist. No. 07AP-584, 2007-Ohio-6383, ¶ 7 (concluding that where "it is undisputed that appellant had not been finally discharged * * * because he had not paid the ordered

restitution," Jordan thus "was not yet eligible to apply to seal his conviction records"); *In re White*, 165 Ohio App.3d 288, 2006-Ohio-233, ¶ 7 (10th Dist.) (holding "[a]n offender is not finally discharged for purposes of R.C. 2953.32(A)(1) if the offender still owes restitution").

{¶ 12} The state asserts that because appellee did not fulfill the community service requirement of her sentence, she has not received a final discharge and, therefore, she is not an eligible offender for purposes of R.C. 2953.32(A)(1). We agree.

{¶ 13} In *Aguirre*, the Supreme Court of Ohio stated "[w]e hold that a trial court may not seal an offender's record before the offender has completed all sentencing requirements, including any order to make restitution to third parties." *Id.* at ¶ 2. Although most cases addressing this issue have involved the offender's failure to pay restitution required by the sentence, the *Aguirre* court has made it clear that all sentencing requirements must be satisfied before an applicant is eligible to have his or her record of conviction sealed. *Id.*

{¶ 14} Here, it is undisputed that appellee has not completed the community service component of her sentence. Therefore, she is not currently an eligible offender for purposes of the sealing statute. The fact that the court in her underlying criminal case terminated her community control (noting appellee's unsuccessful completion) does not make appellee eligible to have her criminal record sealed because she did not complete all components of her sentence. *Id.* Because appellee is not an eligible offender, the trial court erred in granting appellee's application to seal her criminal record and we sustain the state's first assignment of error.

{¶ 15} Having sustained appellant's first assignment of error, appellant's second assignment is rendered moot. We reverse the judgment of the Franklin County Court of Common Pleas, and remand the matter to the trial court with instructions to deny appellee's application.

*Judgment reversed; cause remanded with instructions.*

SADLER, J., concurs.
BRUNNER, J., concurs in part and dissents in part.

Brunner, J., concurring in part and dissenting in part.

{¶ 16} I respectfully dissent from the decision of the majority but concur with its resulting outcome. In reversing the trial court's decision, I would find Gainey's application for sealing of the records of her criminal conviction to be premature. Gainey failed to complete the last 25 hours of her community service requirement before she was discharged from probation. This deficiency was due in part to being a single mother, caring for her mother who had pancreatic cancer, and caring for her grandfather, uncle, father, younger brothers, and nephews after her mother died.

{¶ 17} Despite statements made at oral argument and testimony at the trial level, there is no legal barrier that prevents Gainey from completing her remaining community service now, nor is there a legal principle that would preclude the probation department and the court from taking notice of that completion. Former R.C. 2951.09 was repealed by Am.H.B. No. 490, effective January 1, 2004; it previously provided:

> When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. When the ends of justice will be served and the good conduct of the defendant so held warrants it, the judge or magistrate may terminate the period of probation. At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged.

(Emphasis added.)

{¶ 18} The trial court has not lost jurisdiction over Gainey's case. I would remand the case with instructions to the trial court to provide Gainey a reasonable interval of time to work with the trial court's probation department in order to complete her community service (if she wishes to do so), and upon satisfactory proof of completion, reconsider her application in light of her completed service.

{¶ 19} At the oral argument of this appeal, the parties appeared to believe that it is now impossible for Gainey to complete the remaining 25 hours of her court-ordered community service because, once the probation department closed its file on her case, it

cannot be reopened, whether or not records are unavailable. In addition, during a June 26, 2014 hearing before the trial court, a representative of the probation department testified that, as a result of Gainey's discharge, neither the probation department nor the court had jurisdiction to enforce the unfinished 25 hours of community service. Based on the repeal of R.C. 2951.09 in 2004, this is not the case.

{¶ 20} Further, a recent decision of the Supreme Court of Ohio in *State v. Aguirre*, ___ Ohio St.3d ___, 2014-Ohio-4603, in resolving conflicts between the Eighth and Tenth Districts' applications of R.C. 2953.31 and 2953.32 determined that, since the term "final discharge" is not defined by statute:

> [A]n offender is not finally discharged until he has served any sentence previously imposed by the court. * * * For example, this court and others have repeatedly held that final discharge under the [sealing] statute does not occur until court-ordered restitution has been satisfied.

*Id.* at ¶ 14, quoting *State v. Hoover*, 10th Dist. No. 12AP-818, 2013-Ohio-3337, ¶ 7. The Supreme Court reasoned in *Aguirre* that an application to seal when restitution is unpaid is "premature."

> A court is not imposing "continued punishment" by denying a premature application to seal an offender's record before the completion of restitution.

*Id.* at ¶ 24. The state argues that, since Gainey has not completed her community service requirement, just like an applicant who has not paid all court-ordered restitution, her application to seal her records is premature.

{¶ 21} We acknowledge that the Supreme Court in *Davis v. Wolfe*, 92 Ohio St.3d 549, 551-52 (2001), and courts in other cases have held that the trial court loses jurisdiction over a probationer after the end of the term of probation, but we point out that their decisions were rendered, relying on former R.C. 2951.09. With R.C. 2951.09 repealed, as the law stands today (and as it stood at the time of Gainey's 2007 discharge from probation) the trial court does not lose jurisdiction when a period of probation ends. *See, e.g.*, *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, ¶ 12-13 and *State v. Thomas*, 10th Dist. No. 13AP-985, 2014-Ohio-2912, ¶ 17, recognizing that R.C. 2951.09 was repealed, effective January 1, 2004. Thus, the probationer is simply no longer bound by the terms of his or her probation (since those terms have expired or been

discharged).    The trial court retains jurisdiction to, for example, conduct probation violation hearings for violations that occurred during the period of probation "provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration." *Hemsley* at ¶ 13.

{¶ 22} In both *Hemsley* and *Thomas* the respective trial courts retained jurisdiction past the end of the term of probation to punish violations that occurred and were properly noticed within the period of probation.  While Gainey's circumstances are different, the holdings of *Hemsley* and *Thomas* are persuasive.   Gainey, a former probationer, wishes to expunge her conviction and is prevented from doing so by the fact that she did not complete her community service before being discharged from probation. While her probation has been discharged, and the probation department cannot now compel her to obey the expired terms of her probation, the trial court and the probation department are not deprived of jurisdiction if she chooses to do so.   They may, and should, allow Gainey to complete her community service if she voluntarily wishes to do so in order to completely fulfill the conditions of her sentence and become an eligible offender under R.C. 2953.32.  Once she has done so, the trial court is able to find that she has completed the terms of her probation, is an eligible offender under R.C. 2953.32, and may exercise its discretion as to her application for the sealing of her records.[1]

{¶ 23} Therefore, I would reverse the decision of the trial court with instructions to permit her to voluntarily complete community service and to reconsider her application in accordance with this decision.

---

[1] The state also argues that Gainey did not pay her restitution and is ineligible for that reason. However, Gainey testified that she had paid restitution in full and the probation officer who testified in the hearing did not contradict that testimony.   The only indication that Gainey did not pay in full was an unauthenticated written report attached to the state's objections. The author of this report was not called as a witness at the hearing nor did any witness or attorney mention the report or even suggest that Gainey had not paid restitution. The trial court acted within its fact-finding discretion when it chose to believe that Gainey had fulfilled her restitution obligation.