[Cite as *State v. Young*, 2019-Ohio-3161.]

IN THE COURT OF APPEALS OF OHIO

TENID APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellant,                   :

                                       No. 19AP-49

v.                                                   :        (C.P.C. No. 98CR-6650)

Hubert Young,                                        :        (REGULAR CALENDAR)

      Defendant-Appellee.                    :

D E C I S I O N

Rendered on August 6, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the application of defendant-appellee, Hubert Young, to seal the record of his prior conviction. For the reasons that follow, we reverse.

{¶ 2} On November 30, 1998, a Franklin County Grand Jury indicted appellee on one count of theft, in violation of R.C. 2913.02, a felony of the fourth degree. On March 29, 1999, appellee pleaded guilty to the stipulated lesser-included offense of theft, in violation of R.C. 2913.02, a felony of the fifth degree. In a judgment entry of conviction and sentence filed on May 12, 1999, the trial court placed appellee on community control for four years and ordered him to pay restitution to State Farm Insurance in the amount of $4,000 and to the victim in the amount of $500. Pursuant to an entry filed May 8, 2003, the trial court, noting that appellee had "failed to comply with the condition of Community Control that he pay restitution," extended the period of community control for one year until May 11, 2004. On May 12, 2004, the trial court filed an entry discharging appellee from community

control because "defendant has complied with the terms of his probation, except that the restitution is not paid."  (May 12, 2004 Entry at 1.)

{¶ 3}   On July 5, 2018, appellee filed his "Application for Order Sealing Record of Conviction" pursuant to R.C. 2953.32(A).  On October 23, 2018, appellant filed an objection to the application, arguing that appellee had not complied with the filing requirements set forth in R.C. 2953.32(A)(1).  Specifically, appellant contended that appellee had not paid his restitution in full at the time he was terminated from community control.  Appellant argued that because appellee bore the burden of establishing that he is eligible to have his record sealed, he was required to provide evidence that he paid the restitution in full and complied with the three-year statutory waiting period set forth in R.C. 2953.32(A)(1).

{¶ 4}   On November 29, 2018, the trial court held a hearing on appellee's application.  Appellee appeared pro se at the hearing and averred that he "looked into the - -the restitution that's owed."  (Nov. 29, 2018 Tr. at 3.)  He explained that he contacted State Farm and was told it "had sold this debt in 2008 to a collection firm [and] the only thing they could tell me is what they had received already, which was $1,035 out of the debt I think."  *Id.*  Appellee stated that State Farm provided the name of the collection firm; however, he subsequently learned that the collection firm was no longer in business.  According to appellee, the original collection firm was purchased by another firm in 2011 or 2012; appellee contacted the new firm and was told "they don't even handle this type of stuff anymore."  *Id.* at 4.  Upon the trial court's inquiry, appellee admitted that he had no documentation to support his contentions.

{¶ 5}   The trial court then explained that it could not grant appellee's application if he had not paid his court-ordered restitution.  In response, appellee stated that State Farm informed him that it had reimbursed the victim $500.  Appellee further averred that State Farm "gave me a number" and "what I came up with was $3,800 and some change is what I actually owed"; however, State Farm could not accept payment from appellee because it no longer held the debt. *Id.* at 5. Following this exchange, the trial court continued the matter to allow appellee the opportunity to provide documentation demonstrating how much restitution had been paid and whether State Farm still had an interest in the debt. The prosecutor did not object to the continuance.

{¶ 6} On January 17, 2019, the trial court held another hearing on the application at which appellant again appeared pro se. Appellee stated that immediately following the previous hearing on his application, he learned that he still owed $3,416 in restitution and that he had "settled with State Farm." (Jan. 17, 2019 Tr. at 2-3.) A member of the probation department who was at the hearing confirmed that appellee "made $1,400 in payments [and] showed where he paid to the individual victim of the $500 and then other fees that he paid went to the Treasurer and then he paid $984 toward State Farm." *Id.* Appellee provided the trial court with two letters which the court reviewed but did not summarize on the record, other than to indicate that one of the letters was dated December 27 and appeared to be from the attorney representing State Farm. *Id.* at 3-4. The court provided both letters to the prosecutor for review, stating "[t]here's two letters there, but the second letter says that it's * * *." *Id.* at 4. The court did not finish this sentence. The prosecutor did not address the documentation in any way. The court averred that, based on the information presented, it was satisfied that appellee had fulfilled his restitution obligation. The court concluded that "[g]iven the fact that the initial conviction was from 1998, the defendant is otherwise eligible and has resolved the restitution issue. The Court will grant the order at this time." *Id.* The prosecutor offered no objection to the court's decision.

{¶ 7} On January 17, 2019, the trial court issued a judgment entry sealing the record of appellee's conviction. Appellant timely appealed to this court from the trial court's judgment and assigns the following as trial court error:

> THE TRIAL COURT LACKED JURISDICTION TO GRANT THE APPLICATION TO SEAL THE RECORD OF CONVICTION, WHERE DEFENDANT HAD NOT RECEIVED A FINAL DISCHARGE WITHIN THE MEANING OF R.C. 2953.32.

{¶ 8} An appellate court generally reviews a trial court's decision on an R.C. 2953.52 application to seal a record of conviction under an abuse of discretion standard. *State v. Paige,* 10th Dist. No. 15AP-510, 2015-Ohio-4876, ¶ 5, citing *State v. Black,* 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). Whether an applicant is an eligible offender for purposes of sealing a criminal record is an issue of law

that we review de novo. *Paige* at ¶ 5. Similarly, the question whether an applicant has complied with the mandatory waiting period prior to filing an application is a question we review de novo. *In re Application for the Sealing of Records of: A.R.H.*, 10th Dist. No. 18AP-554, 2019-Ohio-1325, ¶ 13.

{¶ 9} In its single assignment of error, appellant argues that the trial court lacked jurisdiction to grant appellee's application. More specifically, appellant contends appellee still owed restitution for his offense and thus had not received a "final discharge" pursuant to R.C. 2953.32(A)(1). For the following reasons, we hold that the trial court lacked jurisdiction to entertain appellee's application because appellee failed to comply with the mandatory waiting period of R.C. 2953.32 prior to filing his application.

{¶ 10} A trial court may grant an application to seal a record of conviction only when all statutory requirements for eligibility are met. *State v. Martin*, 10th Dist. No. 14AP-582, 2015-Ohio-1557, ¶ 8, citing *State v. Brewer,* 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5. Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." In *State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, the Supreme Court of Ohio explained that "[e]xpungement of a criminal record is an 'act of grace created by the state' " and that "R.C. 2953.32 *et seq.* set out the limits of the trial court's jurisdiction to grant a request to seal the record of convictions." *Id.* at ¶ 12, quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). R.C. 2953.32(A)(1) further provides that where the offender was convicted of one felony, application may be made at the expiration of three years after the offender's final discharge.

{¶ 11} The Supreme Court of Ohio has determined that "the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements. Court ordered restitution is one such sentencing requirement." *State v. Aquirre,* 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 28. Thus, a final discharge cannot be achieved by an offender prior to the payment of restitution. *Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, at ¶ 10.

{¶ 12} Where the offender was convicted of one felony, the "[a]pplication may be made at * * * the expiration of three years after the offender's final discharge." R.C. 2953.32(A)(1)(a). Accordingly, R.C. 2953.32(A)(1)(a) requires a three-year waiting period

for felony convictions. The relevant waiting period is a mandatory requirement for the sealing of a record of conviction. *Black.*

{¶ 13} Appellant's argument is that appellee has yet to obtain final discharge because he has not paid full restitution to State Farm. However, at the January 17, 2019 hearing, appellee provided documentary evidence from State Farm which established, to the trial court's satisfaction, that appellee satisfied his restitution obligation to State Farm as of December 27, 2018. Although the record does not include this documentary evidence, the record does establish that the trial court reviewed it and thereafter concluded that it sufficiently established that appellee had paid the restitution owed State Farm. We must presume the regularity in the trial court proceedings. *Studley v. Biehl,* 10th Dist. No. 18AP-11, 2018-Ohio-2274, ¶ 13.

{¶ 14} However, based upon this evidence, the earliest appellee could have obtained final discharge was December 27, 2018. Appellee filed his application to seal the record of his felony conviction on July 5, 2018. Appellee clearly filed his application prematurely under R.C. 2953.32(A)(1)(a), which states that "[a]pplicaton may be made at * * * the expiration of three years after the offender's final discharge if convicted of one felony." Only after restitution has been fully paid " 'does the three-year waiting period in R.C. 2953.32(A)(1) commence to run, and only after expiration of that period may' an offender ordered to pay restitution have his or her record sealed." *Black* at ¶ 12, quoting *Aquirre* at ¶ 20. Because appellee filed his application to seal the record of his felony conviction prior to the expiration of the mandatory waiting period, the trial court lacked jurisdiction to entertain appellee's application. *Id.*

{¶ 15} Having determined the trial court lacked jurisdiction to entertain appellee's prematurely filed application to seal the record of his felony conviction, we sustain appellant's sole assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter to that court to vacate the order sealing the record.

*Judgment reversed and cause remanded.*

BEATTY BLUNT and NELSON, JJ., concur.

––––––––––––