[Cite as *State v. Newkirk*, 2019-Ohio-4342.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 19AP-191 |
| | | (C.P.C. Nos. 08CR-7453 and 03CR-1137) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Charles L. Newkirk, Jr., | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 24, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas granting the R.C. 2953.32 application of defendant-appellee, Charles L. Newkirk, Jr., to seal the record of his conviction in Franklin C.P. No. 03CR-1137 ("case No. 03CR-1137"). Because appellee filed his application prior to final discharge, the trial court lacked jurisdiction to entertain appellee's application. Therefore, we reverse.

{¶ 2} On February 26, 2009, appellee entered a guilty plea to one count of nonsupport of dependents in violation of R.C. 2919.21, a felony of the fifth degree, in case No. 03CR-1137. On the same day, appellee entered a guilty plea to one count of theft in violation of R.C. 2913.02, a misdemeanor of the first degree, in Franklin C.P. No. 08CR-7453 ("case No. 08CR-7453"). On March 4, 2009, the trial court filed a judgment entry in

case No. 03CR-1137 placing appellee on community control for five years and ordering him to pay his child support arrearage in the amount of $25,208.84 to the Franklin County Child Support Enforcement Agency.  Also, on March 4, 2009, the trial court filed a judgment entry in case No. 08CR-7453 imposing a 180-day jail sentence, suspending that sentence, placing appellee on community control for three years, and ordering him to pay restitution to the victim in the amount of $869.

{¶ 3}   Pursuant to an entry filed January 6, 2012 in case No. 08CR-7453, the trial court, noting that appellee had failed to comply with the condition of community control that he pay restitution to the victim, extended the period of community control for one year until January 26, 2013.  On December 11, 2012, the trial court filed an entry in case No. 08CR-7453 discharging appellee from community control because "[d]efendant has now fully complied with the terms of [community control]."  (Dec. 11, 2012 Entry at 1.)  On February 25, 2014, the trial court filed an entry in case No. 03CR-1137 discharging appellee from community control stating, "[d]efendant has complied with the terms of his [community control].  (Feb. 25, 2014 Entry at 1.)

{¶ 4}   On November 1, 2018, appellee filed an application pursuant to R.C. 2953.32 to seal his conviction records in case No. 03CR-1137 and case No. 08CR-7453.[1]   On December 12, 2018, appellant filed an objection to the application, arguing that appellee was not eligible for the sealing of records pursuant to R.C. 2953.32(C)(1)(b), as there was a pending criminal proceeding against appellee in Franklin M.C. No. 2009TRD-118920 on which he owed a balance.[2]

{¶ 5}   On February 5, 2019, the trial court held a hearing on appellee's application at which appellee appeared pro se.  The trial court explained to appellee that he was ineligible to have his conviction records sealed because he owed a balance on a traffic case in the Franklin County Municipal Court.  The trial court asked appellee if he wanted to

---

[1] R.C. 2953.32(C)(3) permits an applicant to request the sealing of the records of more than one case in a single application.

[2] Pursuant to R.C. 2953.32(C)(1)(b), in determining whether an applicant is eligible to have his or her record of conviction sealed, the trial court must "[d]etermine whether criminal proceedings are pending against the applicant."

continue the case so that he could resolve the municipal court matter. Appellee agreed, and the court continued the hearing to March 5, 2019.

{¶ 6} Appellee again appeared pro se at the March 5, 2019 hearing. The trial court noted that the hearing had been continued so that appellee could pay the balance owed in his municipal court traffic case. The trial court stated, "you went and paid your fine and costs"; appellee replied, "[y]es." (Mar. 5, 2019 Tr. 5-6). The court then asked appellee if he had satisfied the child support arrearage in case No. 03CR-1137. Appellee estimated that he had paid $23,000 toward the arrearage, but admitted that "I still have some arrearages." *Id.* at 5. The trial court averred, "the issue that I have that I need to resolve legally is whether you owe or have some arrearages for not paying child support. And I don't know whether you do or not." *Id.* The trial court indicated that it would verify the status of any arrearage with one of the prosecuting attorneys assigned to nonsupport cases, and then asserted, "[y]ou may not have any and, thereby, I would grant your expungement request." *Id.* at 6. Appellant reiterated that "I do have some arrearage left on the case." *Id.* Appellee inquired, "[a]nd what are you saying, if I am current with my payments, then - -", to which the trial court responded, "I don't have a problem with expunging your record, even though the State is objecting to it." *Id.* at 7. Appellee stated, "Okay, right. Even though that I, you know, that I still have some arrearage." *Id.* Following an off-the-record discussion with "the prosecuting attorney[3]" which was never summarized for the record, the trial court granted appellee's application "[o]ver the objection of the State of Ohio." *Id.* at 7-8.

{¶ 7} On March 6, 2019, the trial court issued a judgment entry sealing the record of appellee's convictions in case No. 03CR-1137 and case No. 08CR-7453. Appellant has timely appealed to this court, assigning the following as trial court error:

> The trial court erred in granting defendant's application to seal the record.

{¶ 8} An appellate court generally reviews a trial court's decision on an R.C. 2953.32 application to seal a record of conviction under an abuse of discretion standard. *State v. Paige,* 10th Dist. No. 15AP-510, 2015-Ohio-4876, ¶ 5, citing *State v. Black,* 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was "unreasonable, arbitrary

---

[3] The record is unclear as to which "prosecuting attorney" the trial court referred.

or unconscionable." *State v. Norfolk,* 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, quoting *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). Whether an applicant is an eligible offender for purposes of sealing a criminal record is an issue of law that we review de novo. *Paige* at ¶ 5. Similarly, whether an applicant has complied with the mandatory waiting period prior to filing an application is a question we review de novo. *In re Application for the Sealing of Records of: A.R.H.,* 10th Dist. No. 18AP-554, 2019-Ohio-1325, ¶ 14.

{¶ 9} The sealing of a criminal record is an act of grace created by the state, and so is a privilege, not a right. *Black* at ¶ 8; *State v. Simon,* 87 Ohio St.3d 531, 533 (2000). A trial court may grant an application to seal a record of conviction only when all statutory requirements for eligibility are met. *State v. Martin,* 10th Dist. No. 14AP-582, 2015-Ohio-1557, ¶ 8, citing *State v. Brewer,* 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5.

{¶ 10} Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." R.C. 2953.32(A)(1) further provides that where the offender was convicted of one felony, "[a]pplication may be made at the expiration of three years after the offender's final discharge." *Black* at ¶ 9, quoting R.C. 2953.32(A)(1). A court may grant an application to seal a criminal record only to an "eligible offender." *Id.* If an applicant is not an eligible offender, a trial court lacks jurisdiction to grant the application. *State v. Dominy,* 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6.

{¶ 11} The initial considerations in determining eligibility under R.C. 2953.32 are whether the offender has obtained a final discharge and whether three years have elapsed since that event. *State v. Aguirre,* 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 18. An offender is not eligible to have his or her record sealed unless he or she satisfies these two prerequisites. *Id.* Moreover, for purposes of determining eligibility, an offender is not finally discharged until the offender has served all components of his or her sentence previously imposed by the court. *State v. Hoover,* 10th Dist. No. 12AP-818, 2013-Ohio-3337, ¶ 7. This court has repeatedly reaffirmed this principle in the context of restitution. *Black* at ¶ 10 (noting the offender has made only partial restitution and stating "final discharge under the statute does not occur until restitution has been satisfied"); *State v. Jordan,* 10th Dist. No. 07AP-584, 2007-Ohio-6383, ¶ 7 (concluding that an offender who

had not been finally discharged because he had not paid the court-ordered restitution was not eligible to apply to seal his conviction records.

{¶ 12} Appellant contends the trial court erred in granting appellee's application to seal his conviction record in case No. 03CR-1137.[4] More specifically, appellant argues that appellee failed to demonstrate that he had obtained final discharge pursuant to R.C. 2953.32(A)(1) because he failed to demonstrate that he had completed the community control condition of his sentence that he pay the court-ordered child support arrearages.

{¶ 13} In *Aguirre,* the Supreme Court of Ohio stated "[w]e hold that a trial court may not seal an offender's record before the offender has completed all sentencing requirements, including any order to make restitution to third parties." *Id.* at ¶ 2. Although many of the cases addressing final discharge have involved the offender's failure to pay restitution required by the sentence, the *Aguirre* court made it clear that all sentencing requirements must be satisfied before an applicant is eligible to have his or her record of conviction sealed. *Id.* Indeed, in *State v. Gainey,* 10th Dist. No. 14AP-583, 2015-Ohio-3119, this court determined that an offender who had not fulfilled the community service requirement of her sentence had not received a final discharge and was therefore not an eligible offender for purposes of R.C. 2953.32(A)(1). *Id.* at ¶ 12.

{¶ 14} As appellant points out, a discharge from probation is not analogous to a "final discharge" within the meaning of R.C. 2953.32(A)(1). *Id.* at ¶ 14. ("The fact that the court in her underlying criminal case terminated her community control * * * does not make her eligible to have her criminal record sealed because she did not complete all components of her sentence.") Appellant points to appellee's multiple admissions at the March 5, 2019 hearing that he had not paid the full amount of his child support arrearage as proof that he did not complete all components of his sentence and thus did not obtain final discharge. As previously noted, upon hearing appellee's multiple admissions, the trial court apparently spoke with an unidentified prosecuting attorney about the arrearage. The substance of that discussion is not contained in the record. Therefore, the only information concerning the

---

[4] As noted above, the transcript of the March 5, 2019 hearing indicates that appellee resolved his municipal court traffic issue; thus, at the time the trial court entered the order granting appellee's application to seal the records of his criminal convictions, appellee no longer had criminal proceedings pending against him. In addition, we note that neither the parties nor the trial court mentioned case No. 08CR-7453 at either the February 5 or March 5, 2019 hearings. Thus, we presume that appellant satisfied the R.C. 2953.32 requirements for sealing his record in case No. 08CR-7453.

status of the child support arrearage was provided by appellee, who thrice admitted that he had not paid the arrearage in full. Because appellee admitted he had not paid all of the arrearages required by his sentence, appellee is not an eligible offender, and the trial court erred in granting appellee's application to seal his criminal record in case No. 03CR-1137.

{¶ 15} Accordingly, we sustain appellant's sole assignment of error, reverse the judgment of the Franklin County Court of Common Pleas with regard to the portion of its judgment sealing the record of appellee's conviction in case No. 03CR-1137, and remand this matter to that court to vacate the order sealing the record in case No. 03CR-1137.

*Judgment reversed; cause remanded with instructions.*

BROWN and BEATTY BLUNT, JJ., concur.

_____