[Cite as *State v. A.A.*, 2020-Ohio-508.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 19AP-506 |
| | | (C.P.C. Nos. 11CR-590, |
| v. | : | 12CR-5304 & 13CR-2153) |
| [A.A.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 13, 2020

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} The State of Ohio appeals from the trial court's judgment that sealed A.A.'s records with regard to a fifth-degree felony theft offense in Franklin C.P. No. 12CR-5304, as to which a restitution order had been satisfied only on the hearing day for A.A.'s application to seal. The state advances a single assignment of error: "The trial court lacked jurisdiction to seal the record of a conviction, where defendant had not fulfilled the mandatory waiting period at the time of application." Appellant's Brief at 3. Because the law does not permit a person convicted of one felony to apply for sealing of that record of conviction until "the expiration of three years after the offender's final discharge," R.C. 2953.32(A)(1)(a), and because that limitation deprived the trial court of jurisdiction to consider the application as to that matter, we agree with the state that "the trial court erred in granting the untimely application to seal the record of 12CR-5304," Appellant's Brief at 6.

{¶ 2} "[T]he question whether an applicant has complied with the mandatory waiting period prior to filing an application is a question we review de novo," examining the matter afresh. *State v. Young*, 10th Dist. No. 19AP-49, 2019-Ohio-3161, ¶ 8, citing *In re Application for the Sealing of Records of: A.R.H.*, 10th Dist. No. 18AP-554, 2019-Ohio-1325, ¶ 13. Here, as in *Young,* with regard to the felony theft case "we hold that the trial court lacked jurisdiction to entertain appellee's application because appellee failed to comply with the mandatory waiting period of R.C. 2953.32 prior to filing [the] application." 2019-Ohio-3161 at ¶ 9. *See also, e.g., State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 12 ("R.C. 2953.32 *et seq.* set out the limits of the trial court's jurisdiction to grant a request to seal the record of convictions * * *") (citation omitted).

{¶ 3} As we further explained in *Young*: "The Supreme Court of Ohio has determined that 'the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements. Court ordered restitution is one such sentencing requirement.' *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 28 * * * * Thus, a final discharge cannot be achieved by an offender prior to the payment of restitution." 2019-Ohio-3161 at ¶ 11, citing *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 10. The three-year waiting period after final discharge from a felony conviction "is a mandatory requirement for the sealing of a record of conviction." *Young* at ¶ 12, citing *Black*.

{¶ 4} Consequently, "[o]nly after restitution has been fully paid ' "does the three-year waiting period in R.C. 2953.32(A)(1) commence to run, and only after the expiration of that period may" an offender ordered to pay restitution have his or her record sealed.' *Black* at ¶ 12, quoting *Aguirre* at ¶ 20." *Young,* 2019-Ohio-3161 at ¶ 14 (adding that "[b]ecause appellee filed his application to seal the record of his felony conviction prior to the expiration of the mandatory waiting period, the trial court lacked jurisdiction to entertain appellee's application.") (citations omitted).

{¶ 5} Here, the state acknowledges that "there was no dispute that [A.A.] was an 'eligible offender' within the meaning of R.C. 2953.31(A), as she had [fewer] than the maximum number of convictions." Appellant's Brief at 4. But the state's argument is that "the record shows that [A.A.] only paid the restitution in full in case 12CR-5304 on the day of the hearing on her application. As a result, the earliest [she] could have attained a final

discharge as it relates to 12CR-5304 is July 25, 2019. Because the conviction in that case was a felony, [A.A.] was required to wait three years from final discharge before applying to seal the record of the conviction. Therefore, the trial court erred in granting the untimely application to seal the record of 12CR-5304." *Id.* at 6.

{¶ 6} Court records substantiate the state's uncontested position. A.A. was sentenced for the felony theft on April 22, 2013 and ordered to make restitution of $439.00. She deposited more than $400.00 in restitution payments on July 25, 2019, the day of the hearing on her May 23, 2019 application, reducing her restitutionary balance to zero. The court takes judicial notice of that docket, *see, e.g., Lane v. U.S. Bank*, 10th Dist. No. 18AP-197, 2018-Ohio-3140, ¶ 10, and notes that the three-year period from A.A.'s final discharge will not have expired before July 25, 2022.

{¶ 7} Because A.A. filed her application to seal the record of her felony conviction before the mandatory waiting period had expired, the trial court lacked jurisdiction to consider A.A.'s application as to that case. We note that the state in its briefing does not contest the trial court's sealing of the records in two misdemeanor cases, Franklin C.P. Nos. 11CR-590 and 13CR-2153, that the trial court addressed in the same judgment entry. *Compare State v. Newkirk*, 10th Dist. No. 19AP-191, 2019-Ohio-4342, ¶ 12, fn. 4, ¶ 15 ("Thus, we presume that [the applicant] satisfied the R.C. 2953.32 requirements for sealing his record in" a misdemeanor case for which expungement was sought along with expungement for the felony conviction as to which we concluded that final discharge was not established; judgment reversed "with regard to the portion of [the] judgment sealing the record of [the felony case]").

{¶ 8} We sustain the state's lone assignment of error and reverse the judgment of the Franklin County Court of Common Pleas with regard to the sealing of the record of the felony theft offense in Franklin C.P. No. 12CR-5304. We remand this matter to that court to vacate the order sealing the record in Franklin C.P. No. 12CR-5304.

*Judgment reversed and cause remanded.*

BRUNNER and BEATTY BLUNT, JJ., concur.

_____