[Cite as *State v. P.J.F.*, 2020-Ohio-1522.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-147 |
| v. | : | (C.P.C. No. 10CR-3828) |
| [P.J.F.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N
NUNC PRO TUNC[1]

Rendered on April 20, 2020

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

**On brief:** *Law Offices of Mark J. Miller* and *Mark J. Miller,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} The state appeals from the trial court's decision that granted P.J.F.'s application to seal the record of his fifth-degree felony conviction for nonsupport of dependents in Franklin County Common Pleas case No. 10CR-3828. Guided by our precedents and the law, we determine that P.J.F. did not demonstrate that he was eligible for expungement and the trial court therefore lacked jurisdiction to entertain his application.

{¶ 2} This appeal presents much the same scenario as that considered by this court only months ago in *State v. Newkirk*, 10th Dist. No. 19AP-191, 2019-Ohio-4342. There, we

---

[1] This decision replaces, nunc pro tunc, the original decision released on April 16, 2020, and is effective as of that date. It adds Mark J. Miller as counsel of record for appellee, P.J.F., and reflects the proper common pleas court case number.

held that an applicant who had not fulfilled the payment conditions of his community control sentence for nonsupport had not received a "final discharge" despite having been terminated from community control, and therefore was not eligible to have his criminal record sealed. "Because appellee filed his application prior to final discharge, the trial court lacked jurisdiction to entertain appellee's application." *Id.* at ¶ 1. Consistent with the logic of that ruling, we reach the same conclusion here.

{¶ 3} P.J.F. had been sentenced on March 1, 2012 to "a period of Intensive Specialized Supervision of Community Control for Five (5) years." Mar. 1, 2012 Judgment Entry in Franklin C.P. No. 10CR-3828 at 1. As a condition of that community control, he was required to "pay arrearage in the amount of $8,857.80 to Franklin County Child Support Enforcement Agency." *Id.* at 2. We affirmed his conviction in *State v. Ferguson*, 10th Dist. No. 12AP-282, 2012-Ohio-6231.

{¶ 4} P.J.F. did not comply with conditions of his community control, *see*, *e.g.*, June 25, 2014 Entry, and the trial court in July 2014 terminated it as unsuccessful. July 21, 2014 Entry Terminating Community Control Unsuccessfully in Franklin C.P. No. 10CR-3828.

{¶ 5} On December 17, 2018, P.J.F. filed his application to seal the conviction. The state opposed the application, arguing that he had not paid his "court-ordered restitution." January 2, 2019 Objections to Application for Expungement at 2-3. "Should applicant produce documentation showing that restitution has been paid," the state continued, "the state would defer to the Court" on sealing unless Mr. Ferguson had not "fulfilled the [sealing statute's] mandatory waiting period." *Id.* at 3.

{¶ 6} At the hearing, P.J.F.'s failure to have discharged his arrearages was not contested. March 6, 2019 Transcript of Expungement Proceedings at 6-8 (P.J.F. protested that his payment obligations had continued after he gained custody of his daughter, who then went on to earn a scholarship for pre-med studies at a major university). Rather, P.J.F. correctly noted that the trial court had ordered payment of the arrearage not as restitution, but "as part of his community control"; consequently, his argument continued, with community control having ended in 2014, he should be seen as an eligible offender. *Id.* at 3. The trial court agreed: "[S]ince it's not restitution, he is not statutorily ineligible." *Id.* at

8. The trial court granted P.J.F.'s application and sealed the record of his nonsupport conviction.

{¶ 7}  We note that P.J.F. has asked us to take judicial notice of an Agreed Entry from the Division of Domestic Relations and Juvenile Branch of the Franklin County Common Pleas Court dated April 16, 2019 (the month following the trial court's sealing order and some four months or so after P.J.F. had filed his application). *See* Appellee's Brief at 8.  We do so, even while observing that the entry does not retroactively affect whether the trial court's sealing order was correct at the time it issued and therefore does not affect the outcome of this appeal.  The Domestic Relations and Juvenile Branch entry sustains a motion of the Franklin County Child Support Enforcement Agency ("FCCSEA") "To Determine and Liquidate Support Arrearage," and recites that "as of 3/29/19," P.J.F. owes zero dollars in support arrearage to the named "plaintiff/petitioner" in that action and zero dollars in support arrearage to the State of Ohio.  April 16, 2019 Agreed Entry Sustaining FCCSEA's Motion To Determine And Liquidate Support Arrearage.

{¶ 8}  The state assigns one error for our review: "The trial court erred in granting defendant's application to seal his felony conviction." Appellant's Brief at iv (with capitalizations modified).  P.J.F. did not receive a "final discharge" from his sentence and then wait the requisite three years before making his application, the state urges. *Id.* at 5.

{¶ 9}  "An appellate court generally reviews a trial court's decision on an R.C. 2953.32 application to seal a record of conviction under an abuse of discretion standard. * * * * [But] [w]hether an applicant is an eligible offender for purposes of sealing a criminal record is an issue of law that we review de novo.  Similarly, whether an applicant has complied with the mandatory waiting period prior to filing an application is a question we review de novo." *Newkirk*, 2019-Ohio-4342, at ¶ 8 (citations omitted); *see also, e.g.*, *State v. A.A.*, 10th Dist. No. 19AP-506, 2020-Ohio-508, ¶ 2, quoting *State v. Young*, 10th Dist. No. 19AP-49, 2019-Ohio-3161, ¶ 8 (" '[T]he question whether an applicant has complied with the mandatory waiting period prior to filing an application is a question we review de novo,' examining the matter afresh").

{¶ 10} Pursuant to R.C. 2953.32(A)(1)(a), an eligible offender convicted of one felony may apply for sealing of his or her record "[a]t the expiration of three years after the offender's final discharge."  Thus, we have said that "[t]he initial considerations in

determining eligibility under R.C. 2953.32 are whether the offender has obtained a final discharge and whether three years have elapsed since that event." *Newkirk* at ¶ 11, citing *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 18. "An offender is not eligible to have his or her record sealed unless he or she satisfies these two prerequisites." *Newkirk* at ¶ 11, citing *Aguirre* at ¶ 18. "[F]or purposes of determining eligibility, an offender is not finally discharged until the offender has served all components of his or her sentence previously imposed by the court." *Newkirk* at ¶ 11 (citation omitted).

{¶ 11} *Newkirk* underscored that *Aguirre* "made it clear that all sentencing requirements must be satisfied before an applicant is eligible to have his or her record of conviction sealed," *Newkirk* at ¶ 13, and also pointed to precedent that "an offender who had not fulfilled the community service requirement of her sentence had not received a final discharge and was therefore not an eligible offender for purposes of R.C. 2953.32(A)(1)," *id.*, citing *State v. Gainey*, 10th Dist. No. 14AP-583, 2015-Ohio-3119, ¶ 12. A "discharge from probation," we said, "is not analogous to a 'final discharge' within the meaning of R.C. 2953.32(A)(1)." *Newkirk* at ¶ 14, citing *Gainey* at ¶ 14. "Because appellee admitted he had not paid all of the arrearages required by his sentence," we concluded, "appellee is not an eligible offender, and the trial court erred in granting appellee's application to seal his criminal record." *Newkirk* at ¶ 14.

{¶ 12} So too here, P.J.F. failed to establish that he had liquidated all of the nonsupport arrearages as required under his community control sentence and that he then had waited at least three years before submitting his application to seal. Guided by the analysis that directed our decision in *Newkirk*, we conclude that the trial court erred in ordering P.J.F.'s record sealed.

{¶ 13} P.J.F. maintains that the state has waived the point that P.J.F. failed to establish the date of "final discharge" and related satisfaction of the waiting period because the state argued to the trial court only that P.J.F. had failed to satisfy "court-ordered restitution" (and did not observe that P.J.F. had failed to show that he had liquidated his arrearage as required by the conditions of his community control). But we have held that an applicant's failure to show that he or she achieved "final discharge" before filing an application to seal a record of conviction deprives a trial court of jurisdiction to entertain the application. *Newkirk* at ¶ 1; *see also, e.g., A.A.*, 2020-Ohio-508, at ¶ 2, quoting *State v.*

*Young*, 10th Dist. No. 19AP-49, 2019-Ohio-4169, ¶ 9 (" 'we hold that the trial court lacked jurisdiction to entertain appellee's application because appellee failed to comply with the mandatory waiting period of R.C. 2953.32 prior to filing [the] application' "). Arguments as to the trial court's jurisdiction are not waived. *See, e.g., State v. Winship*, 10th Dist. No. 04AP-384, 2004-Ohio-6360, ¶ 9 (reasoning that "a prosecutor's failure to object or attend a hearing does not constitute a waiver because the trial court's lack of jurisdiction voids the expungement"). Further, the state did argue on some basis that P.J.F. had not received a final discharge, and again whether he made that requisite showing is an issue that we are required to review afresh. *See* State's Objection at 1.

{¶ 14} We sustain the state's assignment of error. In doing so, we note that the state acknowledges that the April 16, 2019 domestic relations court entry that established support arrearages at zero as urged by the plaintiff/petitioner there and by the county child support enforcement agency might "be relevant to a court's consideration of a future application to seal the instant felony conviction." Reply Brief at 7. We mean nothing in this decision to gainsay or undercut that possibility.

{¶ 15} Having sustained the state's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court to vacate its order sealing the record.

*Judgment reversed; case remanded.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————