[Cite as *State v. Schoengerger*, 2015-Ohio-4870.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-451 |
| v. | : | (C.P.C. No. 14EP-600) |
| Doyle T. Schoenberger, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 24, 2015

*Ron O'Brien, Prosecuting Attorney,* and *Barbara A. Farnbacher*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a decision of the Franklin County Court of Common Pleas that granted Doyle T. Schoenberger's application to seal records of a criminal conviction. We conclude that Schoenberger was convicted of an offense of violence, which is excluded from sealing by R.C. 2953.36. Accordingly, we reverse the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 20, 2003, Schoenberger was convicted of a fifth-degree felony, in violation of R.C. 2903.13, was sentenced to three years of community control, and was required to provide 80 hours of community service. The record does not definitively reflect what happened while Schoenberger was under community control supervision, but neither party has suggested that he completed the sentence other than successfully. Schoenberger also had two misdemeanors on his criminal record which occurred near in

time to each other, involved the same victim, and were resolved in the same court on the same day at the same time.

{¶ 3}   On September 3, 2014, Schoenberger applied to have his criminal records sealed.   The state filed a written objection on November 25, 2014, arguing that Schoenberger had too many convictions and that the conviction he sought to seal was a violent offense which could not be sealed.

{¶ 4}   The trial court held a hearing on April 1, 2015.   The trial court concluded that the two misdemeanors Schoenberger had on his record should be counted as one for purposes of R.C. 2953.31 and 2953.32 and granted Schoenberger's application to seal his records.   The state now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 5}   The state advances a single assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT GRANTED AN APPLICATION TO SEAL A CONVICTION OF AN "OFFENSE OF VIOLENCE."

## III. DISCUSSION

{¶ 6}   As we explained in *State v. Black*, 10th Dist. No. 15AP-539, 2015-Ohio-4256, ¶ 6-10, sealing records in Ohio is a two-step process.   In the first step, a trial court is called upon to determine if a person is eligible.   The specific requirements for eligibility vary depending on whether a person is seeking to seal records of convictions and bail forfeitures or seeking to seal records relating to arrests and cases ending in "not guilty" findings, dismissals, and "no bill" verdicts.   *Compare* R.C. 2953.32 *with* 2953.52.   When an applicant for expungement seeks to seal records of a conviction, he or she must first be determined to be an "eligible offender"; that is, a court must determine whether his or her criminal record reflects a permissible number of convictions, that the conviction(s) sought to be sealed is/are currently eligible to be sealed (based on the time elapsed since the time of final discharge and the nature of the conviction), and that no criminal proceedings are then currently pending against the applicant.   *See* R.C. 2953.31(A); 2953.32(A) and (C)(1)(a) and (b).   Whether an applicant is an eligible offender is an issue that we review de novo.   *State v. Tauch*, 10th Dist. No. 13AP-327, 2013-Ohio-5796, ¶ 7.

{¶ 7}   Once an applicant has been found to be an eligible offender, the statutes require a court to use its discretion to weigh a number of factors that vary, depending on

whether the person seeks to seal records of convictions and bail forfeitures or records relating to arrests and cases ending in dismissals, "not guilty" findings, or "no bill" verdicts. *Compare* R.C. 2953.32 *with* 2953.52. When considering sealing records of a conviction for an eligible offender, a trial court must make statutorily required determinations of: (1) whether the applicant has been rehabilitated to the satisfaction of the court, (2) whether the reasons, if any, offered by the prosecutor in any written objection against sealing the records are persuasive, and (3) whether the interests of the applicant in having conviction records sealed outweigh the legitimate needs, if any, of the state to maintain those records. R.C. 2953.32(C)(1)(c) through (e). We review a trial court's determination on these issues for abuse of discretion. *Id.* at ¶ 17.

{¶ 8} If the trial court finds that a person is eligible and using its discretion determines that the facts supporting the other required findings should be construed to favor sealing the records of conviction, the trial court "*shall* order all official records of the case that pertain to the conviction or bail forfeiture sealed." (Emphasis added.) R.C. 2953.32(C)(2); *see also Black* at ¶ 10. "In statutory construction, * * * the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage." *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus; *see also State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 27-28 (applying the mandatory meaning of "shall" to R.C. 2953.32 and 2953.52). Further, the sealing statutes are remedial and are therefore to be construed liberally to promote their purpose and assist the parties in obtaining justice. *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999), citing R.C. 1.11; *Barker v. State*, 62 Ohio St.2d 35, 42 (1980).

{¶ 9} In this case, the assigned error is whether Schoenberger was an eligible offender; that is, whether the nature of his crime is one that is subject to records sealing. Thus, our review is de novo.

{¶ 10} In order to be eligible an applicant must have "not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction." R.C. 2953.31(A). However a court may, if certain circumstances are satisfied, consider two or three convictions as one:

> When two or more convictions result from or are connected with the same act or result from offenses committed at the

> same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction * * *.

R.C. 2953.31(A); *see also* R.C. 2953.32(C)(1)(a).

{¶ 11} Aside from the consideration of the misdemeanors and whether or not they count as a single misdemeanor, which was not raised in appellant's assignment of error, Schoenberger's felony conviction was for a fifth-degree felony, in violation of R.C. 2903.13. Any violation of R.C. 2903.13 is defined as an offense of violence in R.C. 2901.01(A)(9)(a). R.C. 2953.36(C) excludes from sealing under R.C. 2953.31 through 2953.35, any violent first-degree misdemeanor or violent felony offense unless the offense of violence is a violation of R.C. 2917.03 or is a first-degree misdemeanor violation of R.C. 2903.13, 2917.01, or 2917.31. In this case, Schoenberger was convicted of a violation of R.C. 2903.13, but the conviction was for a felony, not a misdemeanor. Thus, R.C. 2953.36(C) excludes Schoenberger's felony conviction from eligibility for sealing.

{¶ 12} We sustain the state's assignment of error.

## IV. CONCLUSION

{¶ 13} Because R.C. 2953.36 forbids application for sealing of a felony conviction for a violation of R.C. 2903.13, we reverse and remand with instructions to the Franklin County Court of Common Pleas to vacate its judgment granting Schoenberger's application and to deny it.

*Judgment reversed and*
*cause remanded with instructions.*

SADLER and LUPER SCHUSTER, JJ., concur.

———————————