[Cite as *State v. H.H.*, 2019-Ohio-5083.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-512 |
| v. | : | (C.P.C. No. 05CR-2208) |
| [H.H.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 10, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals an entry of the Franklin County Court of Common Pleas, issued on June 22, 2018, sealing all official records in Franklin C.P. No. 05CR-2208 pursuant to R.C. 2953.32. Because defendant-appellee, H.H., was not an eligible offender under the version of the sealing statutes in effect at the time the trial court issued the sealing order, we sustain the State's assignment of error, and reverse the judgment of the trial court

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 1, 2005, a Franklin County Grand Jury indicted H.H. for two third-degree-felony counts of tampering with records. (Apr. 1, 2005 Indictment.) After initially pleading not guilty, H.H. ultimately entered a guilty plea to one stipulated fifth-degree felony conviction for tampering. (Apr. 11, 2005 Plea Form; Aug. 3, 2005 Plea Form.) The trial court imposed one year of non-reporting community control (also referred to in the record as "probation"). (Aug. 3, 2005 Jgmt. Entry at 2.) H.H. was discharged from

community control on August 16, 2006 with the notation that court costs had not yet been paid.  (Aug. 16, 2006 Entry.)

{¶ 3}   Approximately 11 years later, on December 12, 2017, H.H. filed an application to seal his conviction.  (Dec. 12, 2017 Application for Sealing.)  The State objected on the sole ground that H.H. was ineligible because, in addition to the fifth-degree felony he sought to seal, he had also been convicted of fleeing (a first-degree misdemeanor) and expired license plates (a fourth-degree misdemeanor).  (May 2, 2018 Objs. at 1.)  The records the State attached in support of its objection indicated that H.H. was convicted of fleeing and expired license plates in November 2005 and March 1999, respectively.  (Docket 1999CRB-4378; Docket 2005TRD-192076.)  The State argued that under the statute as then constituted, H.H. was not permitted to have more than one felony conviction, OR two misdemeanor convictions, OR one felony and one misdemeanor conviction.  (Objs. at 1, quoting former R.C. 2953.31(A).)  The State urged the trial court to find that H.H., who had a felony AND two misdemeanor convictions, was ineligible.  *Id.* at 1-2.

{¶ 4}   On June 22, 2018, the trial court entered an order and concluded that H.H. had been rehabilitated to the satisfaction of the court and that the records of past criminal activity should be sealed.  (June 22, 2018 Sealing Entry.)  The trial court made no mention of whether H.H. was an eligible offender within the meaning of former R.C. 2953.31(A).

{¶ 5}   The State now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 6}   The State assigns a single error for review:

> THE TRIAL COURT LACKED JURISDICTION TO GRANT DEFENDANT'S APPLICATION FOR SEALING, AS HE WAS NOT QUALIFIED AS AN "ELIGIBLE OFFENDER" WITHIN THE MEANING OF R.C. 2953.31(A).

## III.  DISCUSSION

{¶ 7}   Granting an application to seal criminal records requires a two-step analysis. The first step is a determination of whether the offender is an "eligible offender," including whether the offender has waited the requisite time period before filing.  *State v. C.A.*, 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 9.  We review this step de novo.  *State v. C.L.W.*, 10th Dist. No. 18AP-658, 2019-Ohio-1965, ¶ 7.  The second step involves a trial court using its discretionary powers to judge and weigh against one another a number of considerations for and against sealing an applicant's criminal records.  *See C.A.* at ¶ 10.  A trial court's

judgment about these considerations are reviewable according to an abuse of discretion standard. *Id.*; *C.L.W.* at ¶ 7. Despite employing discretion in weighing these substantive considerations for and against sealing, a trial court "shall" grant an application to seal criminal records when all the statutory requirements are met. R.C. 2953.32(C)(2); *see also C.A.* at ¶ 11; *State v. Schoenberger*, 10th Dist. No. 15AP-451, 2015-Ohio-4870, ¶ 8. The State's arguments in this case, concern only the first step, whether H.H. met the statutory eligibility requirements to permit the trial court to grant the sealing.

{¶ 8} At the time when H.H. applied to have the records sealed and at the time the trial court issued an entry sealing the records, R.C. 2953.31(A) set forth eligibility requirements as follows:

> "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

R.C. 2953.31(A) (prior to Oct. 29, 2018). Because an offender must be eligible for the trial court to be empowered to exercise its discretion to grant an application to seal criminal records, we have interpreted this requirement strictly. *State v. Sanders*, 10th Dist. No. 14AP-916, 2015-Ohio-2050, ¶ 9.

{¶ 9} It is apparently undisputed[1] that H.H. was convicted of a first-degree misdemeanor on November 21, 2005, a fifth-degree felony on August 3, 2005, and a fourth-degree misdemeanor on March 23, 1999. (Aug. 3, 2005 Jgmt. Entry at 2; Docket 2005TRD-

---

[1] Despite the fact that the State only submitted docket sheets regarding the misdemeanors and not copies of the judgment entries, the record does not indicate that H.H. disputed having the convictions.

192076; Docket 1999CRB-4378.) The three convictions were charged at separate times in three separate cases. (Apr. 1, 2005 Indictment; Docket 2005TRD-192076; Docket 1999CRB-4378.) Thus, having one felony AND two misdemeanors on his record that could not be "counted as one conviction," H.H. could not meet former R.C. 2953.31(A)'s definition of "eligible offender." The trial court erred in ordering the records of his conviction to be sealed when it entered the sealing order on June 22, 2018.[2]

{¶ 10} In short, H.H. was not an "eligible offender" at the time when he filed his application or when the trial court granted it, and thus that sealing order cannot stand. We therefore sustain the State's sole assignment of error and remand for dismissal.

## IV. CONCLUSION

{¶ 11} At the time H.H. filed his application to seal and at the time the trial court granted it, R.C. 2953.31(A) excluded anyone who had more than one felony conviction, OR two misdemeanor convictions, OR one felony and one misdemeanor conviction from the definition of "eligible offender." H.H., who had one felony AND two misdemeanor convictions outside of a three-month period was therefore ineligible, and the trial court erred by granting the sealing. For that reason, we sustain the State's assignment of error and reverse the judgment of the Franklin County Court of Common Pleas.

*Judgment reversed.*

DORRIAN, J., concurs.
LUPER SCHUSTER, J., concurring in judgment only.

---

[2] We note, however, effective approximately four months later, the sealing statutes were substantially broadened to permit persons to apply for sealing who have an unlimited number of misdemeanors and five or fewer fourth or fifth-degree felonies (so long as such crimes are not violent or felony sex offenses). 2018 Am.Sub.S.B. No. 66 (archived online at 2017 Ohio SB 66). As potentially relevant to this case, an offender who is now legally eligible to have conviction records sealed is:

> Anyone who has been convicted of one or more offenses, but not more than five felonies, * * * if all of the offenses * * * are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense.

R.C. 2953.31(A)(1)(a). It appears none of H.H.'s convictions contained in the record before us is an offense of violence or a felony sex offense. *See, e.g.,* R.C. 2901.01(A)(9); R.C. 2929.01(RR); R.C. 2967.28(A)(3). Hence, depending on the current state of H.H.'s criminal record, H.H. might consider reapplying to see if he is eligible under the new law.

LUPER SCHUSTER, J., concurring in judgment only.

{¶ 12}  While I concur with the majority that this matter should be reversed, I write separately because I would reverse based on *State v. J.M.,* 148 Ohio St.3d 113, 2016-Ohio-2803 and *State v. R.P.,* 10th Dist. No. 19AP-36, 2019-Ohio-2540.

———————————